## 21186. GAINES v. BROWN.

DECIDED JANUARY 12, 1932. REHEARING DENIED FEBRUARY 16, 1932.

*Wheeler & Kenyon,* for plaintiff in error.

B. P. *Gaillard Jr., W. P. Whelchel, B. F. Whelchel,* contra.

LUKE, J. Mrs. W. L. Brown sued John A. Gaines for damages

arising from the alleged wrongful death of her husband. She charged in her petition that a truck operated by the grandson of the defendant, while employed in and about the business of the defendant, was negligently and violently run into and upon a wagon which her husband was riding on a public highway, and thereby caused injuries which resulted in his death. The trial resulted in a verdict in favor of the plaintiff for $3000. The defendant excepts to the refusal to grant a new trial.

We are of the opinion that the evidence was sufficient to warrant the jury in finding that the operator of the truck was, at the time of the injury, actually employed by the defendant and was engaged in and about the defendant's business; that he was operating the truck without lights, in violation of the law; and that his negligence was the proximate cause of the homicide. In reaching its conclusions the jury is not confined to direct, positive, and uncontradicted testimony; it is sufficient if its inferences from the established facts are fair and reasonable. We would not be warranted in disturbing the verdict and judgment upon either of the general grounds of the motion.

We can not believe that the defendant was prejudiced by the court's refusal to give to the jury the instructions embodied in the written requests set out in the first three special grounds of the motion for a new trial. The first of these would have been a mere repetition of portions of the charge given in different words. As to the other two, we think the form and substance of the charge given on the same subject-matter was entirely sufficient, and, indeed, to be preferred. We do not think the portion of the charge set out in the fourth ground is open to the criticism urged. The fifth ground having been abandoned in the brief of counsel for the plaintiff in error, it remains only to state our final conclusion that there seems to be nothing in the record in this case to warrant this court in interfering with the judgment of the trial court.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*