## 21186. GAINES *v.* BROWN.

DECIDED SEPTEMBER 1, 1932.

*Wheeler & Kenyon,* for plaintiff in error.

*B. P. Gaillard Jr., W. P. Whelchel, B. F. Whelchel,* contra.

LUKE, J. Mrs. W. L. Brown sued John A. Gaines for damages for the homicide of her husband, alleging that a truck operated by the defendant's agent and servant, Clifton Driskell, inflicted injuries upon her husband, thereby causing his death. Gaines in his answer admitted the ownership of the truck, but denied that the driver Driskell was his agent or servant, or that Driskell at the time of the infliction of Brown's injuries was engaged in the defendant's business. Brown was injured on September 6, 1929, and died on December 4, 1929; and the defendant denied that Brown's injuries caused his death. The trial resulted in a verdict in favor of the plaintiff for $3,000. The defendant's motion for a new trial was denied, and that judgment was affirmed by this court. See 44

*Ga. App.* 630 (162 S. E. 722). The Supreme Court, on certiorari, rendered a decision on June 17, 1932 (three Justices concurring, two dissenting, and one not participating), reversing the judgment of this court, on the ground that it erred in holding that the trial court did not err in overruling special grounds 1, 2, and 3 of the motion for a new trial. The Supreme Court agreed with this court that the other special grounds of the motion showed no error. Also, that court declined to pass upon the general grounds of the motion, as another trial of the case was in order. Special grounds 1, 2, and 3 of the motion complained of the court's refusal of certain requests to charge, and this court held that the requested instructions were sufficiently covered by the charge given. This is the ruling disapproved by the Supreme Court. The requests to charge are set out in the decision of the Supreme Court, and we deem it unnecessary to repeat them here. See *Gaines* v. *Brown,* 175 *Ga.* 66 (164 S. E. 806). In obedience to the mandate of the Supreme Court the former judgment of this court affirming the judgment of the trial court is vacated, and it is now held:

1. The court erred in refusing the requests to charge set forth in special grounds 1, 2, and 3 of the motion for a new trial.

2. The remaining special grounds of the motion disclose no error.

3. The former ruling of this court holding that the verdict was authorized by the evidence, not having been reversed by the Supreme Court, is adhered to.

*Judgment reversed. Broyles, C. J., and Hooper, J., concur.*