## 5360.   ATKINSON *et al.*, receivers, *v.* MARTIN.

1. There was no merit in the general demurrer to the petition, and the only defects suggested by the special demurrer were cured by amendment.
2. The evidence did not authorize the submission to the jury of the contention that the plaintiff's injury was due to accident. The evidence raised an issue as to whether the injury was due to negligence of the defendants in maintaining a small bridge in an unsafe condition, or to the plaintiff's lack of care for his own safety in attempting a service which it was not his duty to perform, and in not avoiding a consequence he could reasonably have foreseen might result, but there was no circumstance to support the inference that the occurrence to which the injury was due was an unavoidable accident.
3. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED MAY 16, 1914.

Action for damages; from city court of Baxley—Judge Sellers. October 25, 1913.

*Bolling Whitfield, J. B. Moore,* for plaintiffs in error.
*W. W. Bennett, Lankford & Moore,* contra.

RUSSELL, C. J.   1. The ruling on the demurrer is sufficiently stated in the first headnote.

2. After a careful review of the evidence in this case, we are unable to find that any of the assignments of error in the motion for a new trial are supported by the record. The only exception to the charge of the court is that the court erred in failing to submit a contention upon the defendants' part that the plaintiff's fall, and consequent injury, was an accident in no manner due to the fault of the defendants, and was one which they could not have foreseen and guarded against, and for which, for that reason, they could not be held liable. The evidence raised only the issue as to whether the plaintiff's injury was due to the negligence of the defendants in maintaining a small bridge in an unsafe condition, or whether it was due to the plaintiff's lack of care for his own safety in attempting a service which it was not his duty to perform, and in not avoiding a consequence he could reasonably have foreseen might result, but there was no circumstance to support the inference that the occurrence to which the injury was due was an unavoidable accident.

3. As to the other points in the case, after a thorough consideration of the evidence, we are content to adopt the opinion of the learned trial judge in overruling the motion for a new trial, which is

as follows: "In this case it appears that the conductor, while on his way from where he had registered, to his cab, discovered a condition of the brakes that interfered with the running of the train and demanded immediate attention. The jury were authorized to find that it was his duty to release the brakes at once, which he endeavored to do by pulling the necessary rod, and that while doing this, and acting in the scope of his employment, he stepped upon a plank walk over a trestle, which walk was built for the employees to walk upon; that on account of serious defects, especially spikes that protruded and stood up for inches above the level of the walk, without reason, necessity, or excuse therefor, which made the walk unsafe, and of which dangerous defects he had no knowledge, and which he did not see in the night by the light of the lamp furnished him by his employers, he was tripped and thrown. That this condition of the walk was the proximate cause of his injury is reasonably well established by his testimony, and it was for the jury to say whether he himself was in the exercise of ordinary care. The jury found for the plaintiff $2,250, a reasonably small verdict for the injury sustained." In addition to this, the jury had before it positive evidence that not only was it within the duty of the conductor to release the brakes when they were in the condition of those upon the train in question, but also that this duty of releasing the brakes, which devolved upon the servants of the defendants, could not as well be performed from the cab of the engine or the caboose of the conductor, and certainly not as quickly, as by "bleeding" the air from the apparatus under each individual car upon which the brakes were "sticking." There was no error in refusing another trial.　　　*Judgment affirmed. Roan, J., absent.*