## 13755.  SMITH v. THE STATE.

The instruction complained of, as authorizing the jury to act upon their belief without regard to the evidence, must be considered in connection with its context, and, so considered, is not cause for a new trial.

The verdict, being supported by some evidence and approved by the trial judge, can not be disturbed by this court.

DECIDED NOVEMBER 14, 1922.

Indictment for making liquor; from Wilkes superior court — Judge Shurley.  May 20, 1922.

*C. D. Colley, Hugh E. Combs,* for plaintiff in error.

*M. L. Fells, solicitor-general,* contra.

BLOODWORTH, J.  1.  The judge instructed the jury as follows: " If you believe (and that beyond a reasonable doubt) that the defendant did, as alleged in the indictment, on the date therein alleged, or at any time within four years previous to its finding, make, manufacture, or distill any of the liquors or any part of the liquors set out in the indictment, in Wilkes county, Georgia, it would be your duty to find him guilty." This is alleged to be error because it " excluded from the jury the consideration of any evidence adduced at the trial whatever, and instructed them that if they believed the defendant guilty, regardless of whether he was proved guilty or not, it would be their duty to find him guilty." Granting that standing alone this excerpt from the charge would be error, it must be considered in its relation to the context; and when so considered, if error at all, it is not so material as to require the grant of a new trial.  " Where the context removes all probability of an erroneous impression which might be created by the excerpt as an isolated fragment a new trial will not be granted." *Suple* v. *State,* 133 *Ga.* 601 (66 S. E. 919).  See also *O'Halloran* v. *State,* 22 *Ga. App.* 799-800 (97 S. E. 264); *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 57 (4) (92 S. E. 391).

2.  This case is not an exception to the general rule that " a verdict supported by some evidence and approved by the trial judge cannot be disturbed by this court."

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*