GAINES *v.* BROWN.

No. 8986.   JUNE 17, 1932.

*Wheeler & Kenyon,* for plaintiff in error.
*B. P. Gaillard Jr., W. P. Whelchel,* and *B. F. Whelchel,* contra.

BECK, P. J.   Mrs. W. L. Brown sued John A. Gaines for damages, claiming that a truck operated by the defendant's agent and servant injured her husband, causing his death.   Gaines filed his answer to the suit, admitting ownership of the automobile truck, but denying that the driver thereof was his agent or servant, or that the driver was engaged in defendant's business.   W. L. Brown was injured on September 6, 1929, and died on December 4, 1929, approximately three months after the injury.   The defendant de-

nied that the death of plaintiff's husband was caused by the alleged injury. The issue made by the pleadings resulted in a verdict in favor of the plaintiff for $3,000. The defendant filed a motion for a new trial, which was denied, and the case was carried to the Court of Appeals. That court affirmed the judgment refusing a new trial, and on that decision error is assigned in this court.

■ Upon the issues of fact made by the evidence in this case, under the pleadings, there are two questions that are controlling: (1) Was Clifton Driskell, the driver of the automobile truck at the time of the occurrence complained of, the agent and servant of Gaines, the defendant, and engaged in and about the business of the defendant? (2) Were the injuries complained of the cause of the death of W. L. Brown? The jury, passing upon the evidence, decided both of these questions in favor of the plaintiff. The Court of Appeals held that the evidence was sufficient to warrant the jury in finding that the driver of the truck at the time of the injury was engaged in and about the defendant's business; that he was operating the truck without lights, in violation of the law; and that his negligence was the proximate cause of the homicide. Of course this includes the holding that the evidence authorized the finding that the injury sustained by the husband of plaintiff was the proximate cause of his death. As to the specific assignments of error raising questions of law, the Court of Appeals held that the defendant was not "prejudiced by the court's refusal to give to the jury the instructions embodied in the written requests set out in the first three special grounds of the motion for a new trial. The first of these would have been a mere repetition of portions of the general charge in different words. As to the other two, we think the form and substance of the general charge on the same subject-matter was entirely sufficient, and, indeed, to be preferred." And that court held further that the portion of the court's charge set out in the fourth ground of the amendment to the motion was not open to the criticism urged.

The first of the requests to charge, as appears from the first special ground of the motion, is as follows: "You are instructed that the defendant, John A. Gaines, being the owner of the truck in question, would not, within itself, make him liable for the injury complained of. He could only be held liable in the event that you find Clifton Driskell was his agent and acting by his au-

thority and engaged in his business." In the second special ground error is assigned upon a refusal by the court of a request to give the following in charge: "You are instructed that if Clifton Driskell took possession of the truck of the defendant, John A. Gaines, at Cleveland, for the purpose of hauling something in which Driskell himself was interested, and was not hauling it for the defendant, Gaines, and was not engaged in hauling anything for Mr. Gaines at the time the injury occurred, if one did occur, if you find that to be the truth, then the defendant, John A. Gaines, would not be liable and your verdict should be for the defendant." And in the third ground error is assigned upon the refusal by the court of a request to give the following in charge: "Unless Clifton Driskell was the agent of the defendant, John A. Gaines, driving the truck at the time and place in the business of Mr. Gaines and acting for him, then the fact that Mr. Gaines may have stated that he was responsible or that he would settle or adjust it the next morning would not in law make him responsible; and unless you find that Clifton Driskell was his agent and acting for him in driving the truck and was engaged in his business, you would not be authorized to find a verdict for the plaintiff, even if you find that Mr. Gaines did make the statements attributed to him."

The written requests above quoted were appropriate to the facts of the case and pertinent to the issues involved. Section 6084 of the Civil Code is in part as follows: "A new trial may be granted in all cases when the presiding judge may refuse to give a pertinent legal charge in the language requested, when the charge so requested is submitted in writing." The Court of Appeals did not rule that the requests to charge were not appropriate and pertinent, but held, in substance, that they were sufficiently covered by the portions of the charge as given relating to the subjects with which the requests to charge dealt. But this court is of the opinion that the requests to charge dealt in a direct way with material issues in the case; that they were more exactly fitted to those issues than the charge as given; and under the provisions of the statute which we have just quoted, it was error to refuse to give the charges in the language as written and requested, and for that reason the refusal of the court to grant a new trial was error.

The other rulings of the trial court excepted to in the motion

for a new trial were not error for any of the reasons assigned. As the judgment is reversed under the ruling just made, and the case is to be tried again, it is unnecessary for the court to decide whether or not the evidence was sufficient to authorize the verdict.

What is said above contains the ruling made by the majority of the court upon the question as to whether the trial court erred in refusing certain written requests to charge. I can not concur in the ruling made by the majority. For the court actually charged upon the issues to which the requests relate as follows: "Before the plaintiff could be entitled to recover in this case, she must satisfy your minds by a preponderance of the evidence that the driver of this truck in question was engaged in or about the business of the defendant, John A. Gaines; that is, that he was Mr. Gaines' agent, or was operating this machine, this automobile truck, on this particular occasion, for him; and I charge you that that may be proved either by direct or circumstantial evidence, if it goes to the effect of satisfying your minds under the rules of law of preponderance of evidence. I charge you further, that if Clifton Driskell, at the time Mr. Brown was injured, if he was injured, if you find that at the time he was injured he was not acting by the authority or consent of the defendant, John A. Gaines, and was not engaged in the use of the truck in question in the business of Mr. Gaines, then you are instructed that would be an end to your investigation and the plaintiff could not recover, and you would write a verdict for the defendant. I charge you that the owner of an automobile usually is not liable for injuries inflicted by one who at the time is driving it without his consent or control or direction, even though the person driving it might be in his employ. . . The burden is on the plaintiff to establish that Clifton Driskell was the servant of John A. Gaines and engaged in his business at the time of the alleged injury; and further, that this servant, if he was his servant, was guilty of negligence produced the injury complained of, and that such injury was the proximate cause of the death of W. L. Brown. You must be satisfied of the truth of both those propositions before you would be authorized to write a verdict in favor of the plaintiff against the defendant."

In the case of *Woodley* v. *Coker,* 122 *Ga.* 832 (50 S. E. 936), it was held by this court: "The refusal to give the charges set forth

in the motion for new trial was not error, they being covered, in so far as they are pertinent . . , by the general charge." In *Roach* v. *Terry,* 164 *Ga.* 421 (138 S. E. 902), it was said: "The refusal of the court to give the instruction requested by the defendants, and set out in the fourth ground of the amendment to their motion for new trial, does not require the grant of a new trial, as the principle of law therein embraced was substantially covered by the charge of the court to the jury." And in *McKie* v. *State,* 165 *Ga.* 210 (140 S. E. 625), it was said: "The requests for instructions were substantially covered in the general charge, and the grounds assigning error upon the refusal of these requests do not show error." Other decisions by this court laying down the same doctrine might be cited. And in this case an examination of the charges actually given shows that the court not only charged in substance the law touching the subject of the request, but that he covered it fully and emphasized the view of it favorable to the defense. What I have just said relates also to the error assigned upon the refusal of the court to give the second request to charge as was written.

The third request to charge, upon the refusal to give which error is assigned, is as follows: "Unless Clifton Driskell was the agent of the defendant, John A. Gaines, driving the truck at the time and place in the business of Mr. Gaines and acting for him, then the fact that Mr. Gaines may have stated that he was responsible or that he would settle or adjust it the next morning would not in law make him responsible, and unless you find that Clifton Driskell was his agent and acting for him in driving the truck and was engaged in his business, you would not be authorized to find a verdict for the plaintiff, even if you find that Mr. Gaines did make the statement attributed to him." I can not concur in the opinion of the majority in holding that the refusal to give this in charge was error, in view of the portion of the court's actual charge quoted above. There, in a charge actually given, the court had so fully and emphatically charged the law imposing upon the plaintiff the burden of proof to show by evidence the fact that Driskell, the driver of the truck, was the agent and servant of the defendant, that to have added this requested instruction would have rendered the charge argumentative in favor of the defendant. Under the charge as actually given, the jury could not but understand, clearly

understand, that the plaintiff had to show by a preponderance of the evidence, in order to render Gaines responsible and answerable for the injury, that Driskell, the driver of the truck, must be shown to be the agent and servant of the defendant. I repeat that this principle of law had not only been charged by the court, but it had been emphasized, as appears to me from the extracts from the charge which we have quoted. Then for the court to have instructed the jury in the language of this request to charge would have been so greatly to add emphasis to the contention of the defendant as to make this request in connection with what was charged palpably argumentative. For it not only repeats a principle that had been covered by the charge of the court, but it re-iterates a principle most favorable to the defendant.

I do not think that the court committed any reversible error in any part of the charge excepted to, or in refusing to instruct the jury in the language of the requests; and for that reason I dissent from the opinion of the majority of this court holding that the Court of Appeals erred in affirming the judgment of the court below. And I am authorized to say that Mr. Justice Hill concurs with me in this dissent.

*Judgment reversed. Russell, C. J., and Atkinson and Gilbert, JJ., concur. Beck, P. J., and Hill, J., dissent.*