28006. GROOVER, by next friend, *v.* CUDAHY PACKING COMPANY *et al.*

DECIDED FEBRUARY 15, 1940.

*A. C. Minhinnett Jr., A. E. Wilson,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

FELTON, J. Winfred G. Groover, his mother as next friend, brought this action to recover for injuries alleged to have been sustained by his having been run over by the truck of one of the defendants while it was being driven by another defendant. The jury returned a verdict for the plaintiff for a small amount, and the plaintiff made a motion for new trial, which, as amended, was overruled. The facts necessary to a decision of the questions involved will appear in the divisions of this opinion.

1. Since the case will be tried again the first ground of the amended motion complaining of the insufficiency of the verdict will not be considered.

2. There is no merit in the second ground of the amended motion for new trial because the excerpt of the charge complained of in that ground is merely a statement of the contentions of the defendants, and, without more, would not constitute reversible error.

3. There is no merit in the third ground of the motion because the charge complained of had to do with unavoidable accident; the jury found that the injuries sustained were not caused by an unavoidable accident, and therefore this portion of the charge was not reversible error. The charge was erroneous under the evidence, but was not harmful because the jury did not find that the injuries were due to an accident. This same ruling applies to the fifth ground of the amended motion.

4. The following charge was error: "A further legal rule that I call your attention to is the plaintiff must have been in the exercise of ordinary care to protect himself against any negligence that may have occurred on the part of the defendants, if there was such; and ordinary care, as applicable to the injured person, has the same definition as already given you, that is, it is that degree of care or caution which every ordinarily prudent person would exercise under the same or similar circumstances. And, if the plaintiff could, by the exercise of ordinary care have avoided the consequences to himself of the defendants' negligence, if there was such, he would not be entitled to recover. The duty to exercise ordinary care to avoid the consequences of another's negligence does not arise until the injured party knew or in the exercise of ordinary care ought to have known of the negligence, or such negligence is apparent, or by the exercise of ordinary care should have been apparent, if negligence was there. The defendants further contend, gentlemen. that this plaintiff was injured, not through any negligence on their part, but they say that he was injured by reason of his own negligence, and not by the negligence of the defendant (or defendants), there could be no recovery. Our law provides that no person shall recover damages for injuries to himself, where the same is done by his consent, or caused by his own negligence." This charge was erroneous because the evidence showed that the plaintiff was not negligent and that the defendant driver was negligent. The charge was not adjusted to the evidence. The plaintiff testified: "I was headed out Forsyth Street. . . I stopped at Mitchell Street for a red light, and stopped ten seconds or more. . . I was standing there about ten seconds and a truck hit me in the back; hit the bicycle. My position at the time I stopped, I was with two feet on the ground, astride my bicycle. . . I did not see the truck coming from the rear. . . I heard the brakes slide,

then I felt a jolt in the back that knocked me." C. W. Alexander, one of the defendants, testified: "I was going south on Forsyth Street. The boy was in front of me, both of us going south on Forsyth Street, and there is a light at the intersection of Mitchell and Forsyth. Both were right in the middle of the street there, and cars parked on both sides . . and the light changed. I was fixing to make a right turn up Mitchell Street and he stopped suddenly in front of me and I put on my brakes. I was going slow getting ready to turn. I put on my brakes, came up behind him, and he was standing astraddle of the bicycle holding it up, and I hit very lightly, I would say, I knocked him maybe two feet . . and I turned into Mitchell and stopped and got out to see what damage I had done. . . There is a red light that stopped this boy and I saw him stop. . . I saw him stop at the intersection when the light changed. . . When he stopped I was about six or seven feet behind him. . . I hit him because it is one of those unavoidable things that happen sometimes. The boy had nothing to do with my hitting him."

In *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (5) (76 S. E. 387, Ann. Cas. 1914A, 880), the Supreme Court said: "The general rule is that instructions given by the court to the jury must be based upon evidence. And it is error for the court to give instructions to the jury that are not warranted by the evidence. 'A charge is objectionable which states general principles correctly, but which are nevertheless not applicable to the facts as proven. The instructions should always be given in reference to the evidence in the particular case.' *Gorman* v. *Campbell*, 14 *Ga.* 137. In delivering the opinion in the case just cited, Judge Lumpkin said (p. 142) : 'Nothing is more dangerous than to lay down general propositions, which, instead of aiding, scarcely ever fail to mislead juries. Courts should apply the principles of law to the facts in evidence in each particular case; stating those facts hypothetically.' A charge may be abstractly correct; but unless it is authorized by the evidence in the case, it is nevertheless erroneous. *Butt* v. *Maddox*, 7 *Ga.* 495 (3) ; *Towns* v. *Kellett*, 11 *Ga.* 286 (2). This court has held to the above stated effect in numerous cases. See 7 Michie's Dig. Ga. R. 570-571. The charges complained of in the . . . grounds of the motion for a new trial in the present case were not warranted by the evidence, and therefore, under the repeated rul-

ings of this court, were erroneous. . . They were probably confusing and misleading to the jury, and require a new trial." The charge complained of in the instant case was not authorized by the evidence. Nowhere in the evidence, the material portions of which are quoted in this division of the opinion, does it appear that there was any suggestion of negligence on the part of the plaintiff, either before the negligence of the defendant or thereafter. On the other hand the evidence clearly shows that the plaintiff was not guilty of negligence, and since the court elsewhere in his charge had set out the contentions of the parties, to give the foregoing excerpt in charge had the effect of stressing the contention of the defendant that the injuries were sustained because of the negligence of the plaintiff. There was no evidence to this effect. What has just been said applies to the assignment of error in the sixth ground of the motion for new trial. The court erred in overruling the motion.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*