28833. RICHTER *et al.* for use, *v.* ATLANTIC COMPANY.

DECIDED JULY 16, 1941. REHEARING DENIED JULY 31, 1941.

*MacDougald, Troutman & Arkwright, Bennet & Peacock,* for plaintiffs.

*S. B. Lippitt,* for defendant.

MACINTYRE, J.   For a statement of the pleadings in the instant case see *Richter* v. *Atlantic Co.,* 59 *Ga. App.* 137 (200 S. E. 462), the pleadings being in effect the same as they were then.   Trial of the instant case resulted in a verdict and judgment for the defendant.   A motion for new trial was overruled, and the plaintiffs excepted.

1.   The judge charged the jury as follows:   "The defendant contends before this jury that this fire, the origin of this fire was unknown to them, that the fire originated through no act of negligence on their part.   [If you believe that this fire originated through no act of negligence upon the part of this defendant, Atlantic Company, you would not be authorized, under those conditions to bring in a verdict for these plaintiffs, but, on the other hand, it would be your duty to bring in a verdict for this defendant.]"   He had previously charged:   "Gentlemen of the jury, no bailee will be permitted, under the laws of Georgia, to make a contract whereby it could exempt itself from its own negligence in case of fire.   However, the defendant in this case would not be responsible for the loss by fire in this case, under investigation, if it exercised ordinary care and diligence in the preservation of this property, [and the fire was occasioned by other things over which the defendant company could not have exercised control by the exercise of ordinary care and diligence.]"   (Brackets ours.)   The plaintiffs contend in ground 4 that the excerpts from the charge in brackets above eliminated from the jury all the grounds of negligence claimed by the plaintiffs except that relating to the "origin" of the fire, and that the other allegations of negligence were the most important because they claimed the defendant was negligent in allowing the pecans to be exposed to the noxious gases for a prolonged period of time.

We do not think the part of the charge excepted to was erroneous for the reason that it had the effect of eliminating the other charges of negligence, for when the charge excepted to is read in connection with the other portions of the charge this complaint entirely disappears. The first acts of negligence set out in the petition related to the origin of the fire, and from the context of the charge and the use of the words "under those conditions," it appears that this part of the charge was dealing with the law of negligence as it related to the origin of the fire and not to the other alleged acts of negligence which were subsequently alleged. In addition to the charge excepted to the court charged: "If the evidence shows that any of the plaintiffs' pecans, described in their pleadings, were damaged by fire, or by the vapors and gases resulting from the fire, or by water used in fighting the fire, as claimed by the plaintiffs, and that such damage was the result of any one or more of the alleged acts of negligence on the part of the defendant, or its agents, as set out in the plaintiffs' pleadings, then you should find for the plaintiffs in some amount." And further: "Plaintiffs do not claim in this case that the entire damage was done by the actual burning of the pecans in question, but claim, on the contrary, that by far the greater part of the damage done was the result of water used in fighting the fire and of noxious gases and vaporized oil from the pecans, resulting from the fact that some of the pecans on storage with the defendant were actually burned, and thereby said gases and vapors were generated and went into different rooms and floors of the defendant where the nuts were stored, and that said nuts absorbed said gases and vapors so that the nuts became thereby unfit for human consumption, and thereby were greatly lessened in value." Still further he charged them in effect that the question to be determined was "Whether the defendant or its agents were guilty of any one, or more of the acts of negligence charged in plaintiffs' pleadings," and if so whether the alleged negligence was the proximate cause of the damage.

It has been many times held that a charge must be considered in its entirety and not in disjointed fragments. *Brown* v. *Matthews, 79 Ga.* 1 (4 S. E. 13). The charge in the instant case is no exception. This particular instruction excepted to, when considered in connection with the charge immediately preceding it, dealt with a contention of the defendant that the origin of the fire

was unknown to it and had originated through no negligence on its part, and the law relative thereto, and when considered, as it should be, in connection with the fair and explicit statement by the court of the respective contentions of the plaintiffs, and the further instructions given in immediate connection with the one complained of, no reversible error appears. "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown* v. *Matthews,* supra. When the excerpts complained of, which are set out in brackets above, are considered with the other portions of the charge in immediate connection therewith, and with the charge as a whole, we do not see cause for a new trial for the reasons assigned. *Smith* v. *State,* 29 *Ga. App.* 178 (114 S. E. 581); *Sims* v. *Martin,* 33 *Ga. App.* 486 (4) (126 S. E. 872); *Prescott* v. *Fletcher,* 133 *Ga.* 404 (65 S. E. 877).

2. Ground 5 contends that the judge committed error in charging repeatedly in reference to the defendant's warehouse receipt by which the defendant sought to exempt itself from liability for the fire, whereas the jury should have been charged simply to disregard said provisions in the receipt. In all, the charge made six references to the receipt and its provisions relieving the defendant of liability, all of which are complained of in this ground. We have thoroughly read and studied the charge and find that the first four references therein to the warehouse receipt were in reading the defendant's answer to the jury. The other two references thereto were in the charge proper, and immediately after the first charge with reference thereto, the judge charged the jury: "Gentlemen of the jury, no bailee will be permitted under the laws of Georgia to make a contract whereby it could exempt itself from its own negligence in case of fire." And immediately after the second charge in reference thereto, he charged: "The court charges you as a matter of law that the printed provisions just quoted are not to be considered by you as affording any defense to the defendant, Atlantic Company, as the defendant's contention as to that feature of the case is overruled by the court as a matter of law, and the court charges you that any and all of those provisions quoted by

the court from said printed form of receipt, are to be disregarded by you entirely, so far as they are claimed to furnish any defense on the part of the defendant." It was not reversible error to read the pleadings to the jury. The judge, after setting forth the receipt and the defendant's contention of no liability thereunder, on two separate occasions in immediate connection therewith, told the jury in effect that the defendant could not rely on the said exceptions and relieve itself from liability, and that the provisions in the receipt should be disregarded in their entirety. We can not see that any reversible error appears in this ground of the motion when the excerpts complained of are read in connection with the instructions of the court to disregard said provisions in the receipt.

3. It was not reversible error, as contended in ground 6, to charge the jury Code, § 12-106, as follows: "In order for a bailee to avail himself of the act of God or exception under the contract, as a defense, he must establish not only that the act of God, or excepted fact, ultimately occasioned the loss, but that his own negligence did not contribute thereto." The general rule is that a charge to the jury which is not authorized by evidence, and which is calculated to mislead and confuse the jury, requires a new trial. *Trammell* v. *Atlanta Coach Co.*, 51 *Ga. App.* 705, 708 (181 S. E. 315); *Southern Marble Co.* v. *Pinyon*, 144 *Ga.* 259 (2) (86 S. E. 1086); *Gaskins* v. *Gaskins*, 145 *Ga.* 806 (89 S. E. 1080); *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (2 a) (76 S. E. 387, Ann. Cas. 1914A, 880). The plaintiffs contend that this rule is here applicable and controlling adversely to the defendant. We can not see that it was harmful to the plaintiffs, for, under the charge, whether the defendant relied on an act of God or an exception under the contract, still the defendant must show that "his own negligence did not contribute" to the loss, which was its burden in the instant case. It is apparent that the jury were not misled by the charge and that it was not reversible error. See *Citizens & Southern National Bank* v. *Kontz*, 185 *Ga.* 131, 148 (194 S. E. 536), and cit.

4. Ground 7 contends that the judge committed reversible error in charging the theory of accident. In its proper use the term "accident" excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which could not have been

avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which he was placed. Black's Law Dictionary, 23. This court has said that an "accident" in its strict sense implies the absence of negligence for which no one would be liable. *Stansfield* v. *Gardner*, 56 *Ga. App.* 634, 645 (193 S. E. 375). The defendant in its answer contended that the damages, if any, were the result of an accident so far as the defendant is concerned. This was in legal contemplation pleading in effect, by way of elaboration or additional statement, that the defendant exercised ordinary care and diligence which is the duty required by law. Code, §§ 12-103, 12-404. And where as here there was evidence to sustain a finding by the jury that the defendant was not lacking in proper care to the plaintiffs under the law, the theory of accident was involved; and this being so, it was not error requiring a new trial to give an instruction thereon. *Alabama Great Southern Ry. Co.* v. *Brown*, 138 *Ga.* 328, 332 (75 S. E. 330) ; *Black & White Cab Co.* v. *Cowden*, 64 *Ga. App.* 477, 480 (13 S. E. 724) ; *So. Ry. Co.* v. *Penn*, 18 *Ga. App.* 431 (89 S. E. 489) ; *Brown* v. *Athens*, 47 *Ga. App.* 820 (3) (171 S. E. 730) ; *Holliday* v. *Athens*, 10 *Ga. App.* 709 (6) (74 S. E. 67) ; *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (10), 798 (48 S. E. 318) ; *Enright* v. *Atlanta*, 78 *Ga.* 288 ; *Fisher Motor Car Co.* v. *Seymour*, 9 *Ga. App.* 465 (2) (71 S. E. 764).

5. The excerpt from the charge complained of in ground 8 stated a correct principle of law applicable to the pleadings and the evidence, and the judge did not err in charging said excerpt for any reason assigned.

6. Ground 9 contends that the judge erred in repeatedly and unnecessarily charging the jury on five separate occasions that the defendant was not an insurer and that the suit was "for the use of the Pearl Assurance Company, Limited," and in constantly repeating and reiterating to the jury that they should find for the defendant (in case the defendant's hypothesis was believed to be true) without ever charging in connection therewith the alternative, to wit, that the jury might find for the plaintiffs on that issue in case they found such hypothesis of the defendant was not sustained. The practice of several times repeating in extenso the contentions of the parties, while charging the jury, is not to be commended, yet where, as here, they are fairly and impartially stated, the error is

harmless. *Chattahoochee Valley Ry. Co.* v. *Bass,* 9 *Ga. App.* 83 (11), 84 (70 S. E. 683). In *Laney* v. *Barr,* 61 *Ga. App.* 145, 147 (6 S. E. 2d, 99), the court quoted approvingly the following statement: "A repetition of a proposition in different instructions may be of such a character as to be in the nature of an argument. However, an instruction is not argumentative merely because it contains unnecessary repetitions." We do not think the charge here was calculated to impress the jury with the thought that the judge was against the plaintiffs and was of the opinion that they should find against the plaintiffs. "The natural effect of the whole charge was to leave the minds of the jury to be operated on by the convincing power of the evidence." *Laney* v. *Barr,* supra. The mere fact that the defendant's contentions were stated more at length than the plaintiffs' did not indicate that undue stress was laid upon or undue prominence given to the former. *Phinizy* v. *Bush,* 135 *Ga.* 678 (3) (70 S. E. 243) ; *Millen & Southwestern R. Co.* v. *Allen,* 130 *Ga.* 656 (61 S. E. 541). The ground does not disclose reversible error for this reason. It is well settled that if the judge undertakes to state the contentions of one party, he should also state the contentions of the other; but he need not necessarily charge the alternative propositions to the jury in immediate connection with this part of the charge on the defendant's contentions. The plaintiffs' alternative propositions were elsewhere given in charge to the jury, and no reversible error appears for this reason. *Small* v. *Williams,* 87 *Ga.* 681, 686 (13 S. E. 589) ; *City & Suburban Railway* v. *Findley,* 76 *Ga.* 311 (3) ; *Brown* v. *Everett-Ridley-Ragan Co.,* 111 *Ga.* 404 (4), 415 (36 S. E. 813).

7. The excerpt from the charge complained of in ground 10 was not erroneous for any reason assigned. This charge in effect told the jury that in their discretion they could find in favor of the plaintiffs for the full amount sued for, for only a part thereof, or they could find none of the amount sued for, which would be equivalent to a verdict in favor of the defendant, their finding of course being dependent upon where the preponderance of the evidence lay. This was not reversible error. See *Georgia Northern Ry. Co.* v. *Sharp,* 19 *Ga. App.* 503, 505 (91 S. E. 1045).

8. "It is a general rule that, wherever an expert can give an opinion without the reasons upon which it is based, any other witness, who knows facts upon which he can form an opinion, may

state his opinion, by giving the facts upon which he bases it." *Central Railroad* v. *Senn,* 73 *Ga.* 705 (3). It has also been held that "All the circumstances of a transaction may be submitted to the jury, provided they afford any fair presumption or inference as to the matter in issue. This proposition is exceedingly broad, and if carried out in good faith, would produce the most beneficial results. Accordingly . . it was held, that all facts upon which any reasonable presumption or inference can be founded, as to the truth or falsity of the issue, are admissible in evidence." *Keener* v. *State,* 18 *Ga.* 194, 225 (63 Am. D. 269). See also *Berry* v. *State,* 10 *Ga.* 511 (20, 21). Under the rules just stated the judge did not err in allowing the testimony objected to in ground 11.

9. Ground 12 relates to the cross-examination by the defendant of one of the plaintiffs. It should be borne in mind that "The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against them." Code, § 38-1705. And, "The trial judge has a discretion to control the right of cross-examination within reasonable bounds." *Rogers* v. *State,* 18 *Ga. App.* 332 (2) (89 S. E. 460). Yet the denial or abridgment of this substantial right of a party to thorough cross-examination of a witness of his adversary is a material error and requires the grant of a new trial. *McGinty* v. *State,* 59 *Ga. App.* 675 (2 S. E. 2d, 134). Applying the rules above to the exceptions in this ground, we do not think the judge erred in allowing the defendant to cross-examine the plaintiff as it did in the instant case. This ground is not meritorious.

10. The judge accurately stated in his charge the contentions of the parties, for he stated them in the very language of the pleadings. Thus, he stated in his charge each specific act of negligence upon which the plaintiffs sought to recover. One of the acts of negligence was set out in paragraph 15 of the plaintiffs' petition as follows: "Said defendant failed to exercise ordinary care and diligence in protecting and keeping safely said things bailed, in that ordinary care and diligence required that said defendant should have and maintain a watchman who would inspect and visit said pecans in each storeroom at least once each hour of the day and night, and the defendant failed to provide such watchman to inspect and visit said pecans that often." The judge then declared what the law was with its exceptions and qualifications, and

then stated hypothetically several times that if they, the jury, believed the plaintiffs had established by a preponderance of the evidence the existence of any one of those acts of negligence alleged, to which he had previously called the jury's attention in the charge, the plaintiffs would be entitled to recover if such act or acts were the proximate cause of the damage. The judge also charged: "The plaintiffs in this case base their suit upon several alleged acts of negligence, alleged by the plaintiffs against the defendant, Atlantic Company, and its agents, and alleged to have caused the damages sued for; and I charge you that in order for the plaintiffs to prevail it is not necessary that you believe that the defendant, Atlantic Company, and its servants were guilty of all of said several acts of negligence charged; but if the defendant or its servants committed any one of said acts of negligence charged, or two or more of them, without committing all of them, and the one act of negligence, or two or more acts of negligence, which the defendant or its servants did commit, was or were the proximate cause of any of the damages sued for, then the plaintiffs would be entitled to recover the amount of the damages proved to result from that negligence proved, even though you should decide that the defendant and its agents were not guilty of some several acts of negligence charged in the plaintiffs' pleadings, or though you believe that some of the acts of negligence which did exist may not have been the proximate cause of the damage done. If the evidence shows that any of the plaintiffs' pecans, described in their pleadings, were damaged by fire, or by the vapors and gases resulting from the fire, or by water used in fighting the fire, as claimed by the plaintiffs, and that such damage was the result of any one or more of the alleged acts of negligence on the part of the defendant, or its agents, as set out in the plaintiffs' pleadings, then you should find for the plaintiffs in some amount even though you believe from the evidence that the damage was not as great as claimed by the plaintiffs." One of the plaintiffs' requests to charge, set out in ground 13, was as follows: "One of the grounds of negligence alleged by the plaintiffs against the defendant, is as follows: Said defendant failed to exercise ordinary care and diligence in protecting and keeping safely said things bailed, in that ordinary care and diligence required that said defendant should have maintained a watchman who would inspect and visit said pecans in each storeroom at least once each

hour of the day and night, and the defendant failed to provide such watchman to inspect and visit said pecans that often. If, under the evidence in this case and the rules of law given you in charge, if you believe under the evidence and said rules that the charge of negligence here quoted is true, and that that was negligence, and proximately caused any of the damages sued for by plaintiffs, then you should return a verdict for the plaintiffs for the amount of damages you find, under the rules I give you, to have been suffered by the plaintiffs as a result thereof. On the other hand, if you find under the evidence and said rules that defendant and its servants were not guilty of the charge of negligence, just quoted to you, or that said facts alleged did not constitute negligence, or that they did not proximately cause any damage to the plaintiffs' goods as alleged by the plaintiffs, then you should eliminate from your further consideration that charge of negligence, and address yourselves to the consideration of other charges of negligence and other issues in the case." We do not think it was reversible error in this case to refuse this correct requested instruction. It was clearly, substantially (even fully), and fairly covered by the general charge. We think the general charge made it clear to the jury that if they believed this one act of negligence had been proved, and was the proximate cause of the damage, the plaintiffs were entitled to recover. Other requests to charge were set out in ground 13, but the ruling just made is controlling as to each of the other requests. We do not think the judge erred in failing to give in charge the requested instructions either separately or collectively. This ground is not meritorious. *Gramling* v. *Pool,* 111 *Ga.* 93 (36 S. E. 430) ; *Wheatley* v. *West,* 61 *Ga.* 402 (4) ; *Parker* v. *Georgia Pacific Ry. Co.,* 83 *Ga.* 539 (5) (10 S. E. 233) ; *Millen & Southwestern R. Co.* v. *Allen,* supra; *Atlantic Coast Line R. Co.* v. *Odum,* 5 *Ga. App.* 780 (2) (63 S. E. 1126) ; *Liberty National Life Insurance Co.* v. *Stinson,* 61 *Ga. App.* 344 (6 S. E. 2d, 199) ; *Roach* v. *Terry,* 164 *Ga.* 421 (138 S. E. 902). See *Gaines* v. *Brown,* 175 *Ga.* 66 (164 S. E. 806).

11. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., concurs.*

GARDNER, J., dissenting. The writer feels impelled to dissent from the majority opinion in regard to the errors assigned in grounds 6, 11, and 13 of the amended motion for new trial.

1. Ground 6 complains that the judge erred in charging Code, § 12-106, as follows: "In order for a bailee to avail himself of the act of God or exception under the contract as a defense, he must establish not only that the act of God or excepted fact ultimately occasioned the loss, but that his own negligence did not contribute thereto." The majority opinion sustains the defendant's contentions that this charge was not reversible error; that the court had charged the jury that this contract furnished no protection to the defendant; that it was an additional protection to the plaintiffs and was most favorable because it was the statutory law being charged in the language of the statute, and was to the effect that no exception under the contract was a defense unless the defendant bailee's negligence in no way contributed thereto. I can not agree with these contentions.

The Code section was, I think, in nowise applicable to the instant case. There was clearly no evidence that the goods in question were destroyed or damaged by an act of God, which covers only natural consequences such as lightning, earthquakes, tempests, and the like. *Central Line of Boats* v. *Lowe*, 50 *Ga.* 509. The theory of a defense under an "exception under the contract" was as a matter of law excluded from this case on demurrer. It was reversible error to charge thereon. *Hare* v. *Southern Ry. Co.* 61 *Ga. App.* 159, 161 (6 S. E. 2d, 65); *Groover* v. *Cudahy Packing Co.*, 61 *Ga. App.* 707, 709, 710 (7 S. E. 2d, 287); *Atkinson* v. *Martin*, 14 *Ga. App.* 588 (2) (81 S. E. 799); *Savannah Electric Co.* v. *Fosterling*, 16 *Ga. App.* 196 (84 S. E. 976); *Birmingham & Atlantic Railroad &c. Co.* v. *Walker*, 101 *Ga.* 183 (3) (28 S. E. 534); *Livingston* v. *Hudson*, 85 *Ga.* 835 (8), 840 (12 S. E. 17). It is true that previously to the charge here complained of the judge charged the jury that the defendant's contention that it was relieved of liability under an exception under the contract would not relieve the defendant of liability and all the exceptions under the contract on which the defendant relied were to be disregarded by them, but to then subsequently charge the above Code section was in effect telling the jury that the exceptions were valid and could be relied on by the defendant. In any event, it was greatly confusing and misleading to the jury, and must have left them in doubt as to whether or not the defendant could defend under the exceptions of the contract. The general rule is that a charge to

the jury which is not authorized by evidence and which is calculated to mislead and confuse the jury requires a new trial. *Trammell* v. *Atlanta Coach Co.*, 51 *Ga. App.* 705, 708 (supra); *Southern Marble Co.* v. *Pinyon*, 144 *Ga.* 259 (2) (supra); *Gaskins* v. *Gaskins,* 145 *Ga.* 806 (supra); *Central Georgia Power Co. Cornwell*, 139 *Ga.* 1 (2 *a*) (supra). I do not think that the facts in the present case make the principle above charged and excepted to in any degree applicable.

2. Ground 11 of the motion complains that F. W. Beasley, for the defendant, was allowed to testify over objection in examining a picture of the interior of the warehouse that "This, of course, is a 75-watt globe." The plaintiffs contended that the fire was started by an electric globe against the sacks of nuts and that there was a material issue of fact as to what watt globe was used in the warehouse. The witness then testified: "So I say it just to me stands to reason, if the conditions were such as to make available a large globe—the burning of a larger globe, a large globe being there, or anything pertaining to the switches that was irregular—it just stands to reason to me that they would have that up here in the form of pictures." After this testimony objection was made by the plaintiffs on the ground that this was a mere conclusion, and counsel for the defendant stated: "We offer it as a conclusion made from an investigation of the physical facts, and as commenting on the evidence which has already been introduced." The judge remarked: "Just state what was there, Mr. Beasley." The witness was further allowed to testify: "There has been no criticism of our property in any way, shape or manner by the insurance companies who write insurance for the customers who store their products with us, and of course we are still continuing to store nuts, generally speaking, for people who had them stored there at the time of the fire, including the plaintiff; he had 58,000 pounds there, if I understand correctly, and yesterday evening he stored some 11,000 pounds more. Surely if anything was wrong with us physically the same people would not continue to store their articles of merchandise with us." The same objection in effect was interposed by counsel for the plaintiffs, and the judge again remarked: "Just state facts, Mr. Beasley, but don't draw your conclusions from the facts." Whereupon the witness stated: "That is my conclusion." The judge again remarked: "Mr. Beasley, just state the facts."

The evidence was objectionable as involving a conclusion or opinion of the witness. *Harris* v. *State,* 188 *Ga.* 745, 746 (4 S. E. 2d, 651). The admission of this evidence, when taken in connection with the other evidence given by the same witness as to the transaction and the whole evidence ·in the case, would furnish ground for reversal. *Brewer* v. *New England Mortgage Security Co.,* 144 *Ga.* 548 (4) (87 S. E. 657).

3. I consider now the assignment of error in ground 13. The most important theory of the plaintiffs' case is not that their pecans were actually burned by fire, but that the defendant negligently allowed their pecans to be exposed to noxious gases engendered by fire which burned pecans belonging to other persons who had them stored in the same storage room. In connection therewith the plaintiffs charged the defendant with negligence in five different ways: (1) failing to have a watchman to inspect said bailments once each hour of the day and night; (2) failing to have a sprinkler system which would have stopped the fire almost immediately; (3) failing to provide hermetically sealed doors between each compartment of the storage room; (4) failing to have more than one entrance and exit where the pecans were stored, so that the fire fighters could quickly put out the fire; and (5) ʼfailing to have three pilot lights at the elevator in working condition (as the company originally did) which would have notified any one on the elevator whether the lights on either floor were burning, and thus call attention earlier to some one to go and turn off the lights and thus have discovered the fire sooner and prevented any greater damage to the pecans. The plaintiffs timely requested in writing the court to charge the following requests:

A. "One of the grounds of negligence alleged by the plaintiffs against the defendant, is as follows: 'Said defendant failed to exercise ordinary care and diligence in protecting and keeping safely said things bailed, in that ordinary care and diligence required that said defendant should have and maintain a watchman who would inspect and visit said pecans in each storeroom at least once each hour of the day and night, and the defendant failed to provide such watchman to inspect and visit said pecans that often.' If, under the evidence in this case and the rules of law given you in charge, if you believe under the evidence and said rules that the charge of negligence here quoted is true, and that that was negligence, and

proximately caused any of the damage sued for by plaintiffs, then you should return a verdict for the plaintiffs for the amount of damages you find under the rules I give you to have been suffered by the plaintiffs as a result thereof. On the other hand, if you find under the evidence and said rules that defendant and its servants were not guilty of the charge of negligence just quoted to you, or that said facts alleged did not constitute negligence, or that they did not proximately cause any damage to the plaintiffs' goods as alleged by the plaintiffs, then you should eliminate from your further consideration that charge of negligence, and address yourselves to the consideration of other charges of negligence and other issues in the case."

B. "One of the grounds of negligence alleged by the plaintiffs against the defendant is as follows: 'Said defendant failed to exercise ordinary care and diligence in protecting and keeping safely said things bailed, in that ordinary care and diligence required that said defendant, with so valuable an amount of goods on hand, especially where the goods were of such inflammable nature, should have the storage rooms in which they were stored amply equipped with a sprinkler system, to guard against the danger of fire, and said defendant failed to have any such sprinkler system operating in said rooms on the occasion herein referred to.' If, under the evidence in this case and the rules of law given you in charge, if you believe under the evidence and said rules that the charge of negligence here quoted is true, and that that was negligence, and proximately caused any of the damage sued for by plaintiffs, then you should return a verdict for the plaintiffs for the amount of the damages you find under the rules I give you to have been suffered by the plaintiffs as a result thereof. On the other hand, if you find under the evidence and said rules that defendants and its servants were not guilty of the charge of negligence just quoted to you, or that said facts alleged did not constitute negligence, or that they did not proximately cause any damage to the plaintiffs' goods as alleged by the plaintiffs, then you should eliminate from your further consideration that charge of negligence, and address yourselves to the consideration of other charges of negligence and other issues in that case."

C. "One of the grounds of negligence alleged by the plaintiffs against the defendant is as follows: 'Said defendant failed to ex-

ercise ordinary care and diligence in protecting and keeping safely said things bailed, in that it stored said pecans of said plaintiffs in a storage room, along with about a half million pounds of pecans of other persons, of the value of about $100,000, in three different compartments, separated from each other by brick walls, but with large openings, six feet and ten inches high and four feet and one inch wide, between each of said compartments, all without any doors or other means of closing the same, and the plaintiffs aver that ordinary diligence on the part of the defendant required that it should have provided air-tight doors separating said compartments, so as to prevent the smoke and fumes and noxious gases produced by a fire among the pecans in one compartment from spreading into the other compartments, and said defendant failed to provide such doors or other means of hermetically closing said openings, but left said compartments opening into one another on the occasion herein referred to, with the result that when fire broke out among the pecans in compartment number 1, the southernmost compartment on the fourth floor, on the night of February 21, 1937, said fire burned a large quantity of pecans in that compartment, with the result that the heat engendered by the burning of said pecans distilled and charred into noxious gases and vaporized oil the pecans thus superheated by said fire, with the result that said noxious gases and vaporized oil from said pecans went into every nook and cranny of said storage rooms, and into each and every one of the compartments where said pecans were stored, with the result that said noxious gases and said vaporized oil penetrated within the shells of the pecans throughout all three compartments, thereby causing said pecans to have a fearful stench and an extremely disagreeable taste, so that the same had no value for human consumption, and could be used only for feed for livestock, it being a fact that all of said plaintiffs' pecans were then and there stored in the northernmost compartment of said fourth floor, furtherest from said southernmost compartment where said pecans were burned, and said pecans of plaintiff in said northernmost compartment would have been fully protected from said noxious gases and vaporized oil if said openings between said compartments had been hermetically closed.' If, under the evidence in this case and the rules of law given you in charge, if you believe under the evidence and said rules that the charge of negligence here quoted is true, and

that that was negligence, and proximately caused any of the damage sued for by plaintiffs, then you should return a verdict for the plaintiffs for the amount of damages you find under the rules I give you to have been suffered by the plaintiffs as a result thereof. On the other hand, if you find under the evidence and said rules that defendant and its servants were not guilty of the charge of negligence just quoted to you, or that said facts alleged did not constitute negligence, or that they did not proximately cause any damage to the plaintiffs' goods as alleged by the plaintiffs, then you should eliminate from your further consideration that charge of negligence, and address yourselves to the consideration of other charges of negligence and other issues in the case."

D. "One of the grounds of negligence alleged by the plaintiffs against the defendant, is as follows: 'Said defendant failed to exercise ordinary care and diligence in protecting and keeping safely the things bailed, in that it stored said nuts of plaintiffs along with about five hundred thousand pounds of pecans of other persons, of the value of about $100,000, in its storage room on the fourth floor of its building in Albany, Georgia, and provided for said fourth story in the storage room where said pecans were stored only one entrance and exit, to wit, an entrance and exit by way of a freight elevator at the south end of the building, said room where said pecans were stored being provided with no other entrance or exit by which fire fighters could control the fire which started therein, and the plaintiffs allege that ordinary care on the part of said defendant required that, in view of the highly inflammable nature of this large and valuable quantity of goods thus stored, the defendant should have provided more than one means of entrance and exit for said storeroom, and especially one other than said freight elevator, so that when a fire broke out in said storeroom the same could be controlled and put out quickly and with very little damage to the goods stored therein. The result of the foregoing was, that when a small fire started in said storeroom on the night of February 21, 1937, and after the same had been smoldering in the air-tight room for some time, when the same was finally discovered at 7:40 a. m. on the morning of February 22, 1937, and a fire alarm turned in, and the efficient fire force of the City of Albany came to the scene to put out the fire, said force were met by the extreme danger presented by the said negligent failure on the part of the defendant to provide any

other means of access and ingress to, or exit from, said storeroom other than said freight elevator, with the result that it was impossible for said efficient fire force to control said fire, or put out the same, for about six hours after the same was discovered, during which time the damaging to plaintiffs' pecans was continuing by the noxious gases and vaporized oil mentioned above, part of which would have been prevented if said defendant had provided additional entrances and exits for said storage rooms.' If, under the evidence in this case and the rules of law given you in charge, if you believe under the evidence and said rules that the charge of negligence here quoted is true, and that that was negligence, and proximately caused any of the damage sued for by the plaintiffs, then you should return a verdict for the plaintiffs for the amount of damages you find under the rules I give you to have been suffered by the plaintiffs as a result thereof. On the other hand, if you find under the evidence and said rules that defendant and its servants were not guilty of the charge of negligence just quoted to you, or that said facts alleged did not constitute negligence, or that they did not proximately cause any damage to the plaintiffs' goods as alleged by the plaintiffs, then you should eliminate from your further consideration that charge of negligence, and address yourselves to the consideration of other charges of negligence and other issues in the case."

E. "One of the grounds of negligence alleged by the plaintiffs against the defendant is as follows: 'That said defendant, Atlantic Company, had originally provided in the elevator shaft, on each of the four floors of its said warehouse, three pilot lights, one of which was strung on each of the three circuits on that particular floor, and would burn whenever the incandescent electric lights on said circuit were burning, and would thus show to any one on the elevator, and some floors below, whether any of said electric lights in said storage room were burning, yet nevertheless said defendant Atlantic Company had, for some months prior to February 22, 1937, the date of the fire, failed to replace the burned out or destroyed bulbs in said pilot lights, and thus left said pilot lights wholly ineffective for the purpose of showing whether any of the lights in any particular room of said storage warehouse were burning, and plaintiffs aver that ordinary care on the part of said defendant, Atlantic Company, required that it should continue to

maintain said pilot lights, and that the failure to maintain the same was one of the proximate causes of the damage to plaintiffs' pecans complained of in plaintiffs' pleadings, as the fact that said incandescent electric lights were burning on the fourth floor during the night of February 21, 1937, could and would in all likelihood have been discovered by the employees of said Atlantic Company before any considerable damage had been done by the same, if said pilot lights had thus been maintained.' If, under the evidence in this case and the rules of law given you in charge, if you believe under the evidence and said rules that the charge of negligence here quoted is true, and that that was negligence, and proximately caused any of the damage sued for by plaintiffs, then you should return a verdict for the plaintiffs for the amount of damages you find under the rules I give you to have been suffered by the plaintiffs as a result thereof. On the other hand, if you find under the evidence and said rules that defendant and its servants were not guilty of the charge of negligence just quoted to you, or that said facts alleged did not constitute negligence, or that they did not proximately cause any damage to the plaintiffs' goods as alleged by the plaintiffs, then you should eliminate from your further consideration that charge of negligence, and address yourselves to the consideration of other charges of negligence and other issues in the case."

The defendant contends that the failure to charge in the precise language of the foregoing requests is no cause for a new trial where it appears that the principles involved were sufficiently covered by the general instructions. The writer has no difference of opinion with the contention of the defendant, as approved by the majority opinion, as a sound and correct principle of law, but does not think that that rule of law is applicable to the facts and circumstances of the instant case. It is true that the judge read in full the petition of the plaintiffs, which included all their contentions, but it is one thing to state the contentions from the pleadings of a party and another and very different thing to state the law applicable to such contentions as proved by the evidence. *Atlanta, Knoxville & Northern Railway Co.* v. *Gardner,* 122 *Ga.* 82 (8) (49 S. E. 818); *Groover* v. *Cudahy Packing Co.,* 61 *Ga. App.* 707, 709 (supra). It is also true that the judge charged generally that if the jury believed the defendant guilty of any one of the acts of negligence

charged in the petition they would find for the plaintiffs if they believed such act was the proximate cause of the damage; but, as was said by Judge Lumpkin in *Haynes* v. *State,* 17 *Ga.* 465, 483, "Ordinarily, general charges, however abstractly true, are worse than useless, . . and the only instructions which are worth anything are such as enable the jury to apply the law to the precise case made by the proof." In *Slade* v. *Paschal,* 67 *Ga.* 541, 545, the Supreme Court held: "To charge an abstract principle of law is well enough, but when the request goes further and seeks a charge that applies that principle to the facts of the case, if the proof justifies its application, to refuse it is error. An abstract principle given may make but a slight impression on a jury, but when it is applied hypothetically to the facts, it aids the jury to a correct result, and is one of the most potent means in the hands of the court of having the law applicable to the facts fairly administered." In an even stronger case than the instant case the Supreme Court in reversing this court held that it was reversible error to refuse to charge in the exact language of the request. In the body of the opinion (two dissents) the court said: "The Court of Appeals did not rule that the requests to charge were not appropriate and pertinent, but held, in substance, that they were sufficiently covered by the portions of the charge as given relating to the subjects with which the requests to charge dealt. But this court is of the opinion that the requests to charge dealt in a direct way with material issues in the case; that they were more exactly fitted to those issues than the charge as given; and under the provisions of the statute which we have just quoted [Code, § 70-207, allowing grant of new trial for failure to charge as requested], it was error to refuse to give the charges in the language as written and requested, and for that reason the refusal of the court to grant a new trial was error." *Gaines* v. *Brown,* 175 *Ga.* 66, 68 (164 S. E. 806). See *Gaines* v. *Brown,* 45 *Ga. App.* 525 (165 S. E. 454) ; *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500 (5) (16 S. E. 409). Even though the defendant exercised ordinary care and diligence in respect to the origin of the fire, nevertheless it may be liable for not protecting the goods bailed after the fire started. Code, § 12-103. See *Barrett* v. *Southern Railway Co.,* 41 *Ga. App.* 70 (4) (151 S. E. 690). While the court, in reading the plaintiffs' pleadings, stated these allegations of negligence to the jury and charged them abstractly

and generally thereon, yet the court nowhere specifically charged the law with reference to any one of these charges of negligence (which were authorized by the pleadings and the evidence), any one of which would have authorized a finding for the plaintiffs. The requests to charge correctly and fairly stated the issues and the law applicable thereto. Each request not only stated the plaintiffs' allegations of negligence and the law applicable thereto, but in addition and in immediate connection therewith stated the alternative which would authorize a finding in favor of the defendant. No damage was done to the plaintiffs' pecans by actual burning. The damage was by the noxious gases and the water, etc., in putting out the fire, the burning pecans belonging to others, all of which was caused after the fire started. The case was a close one under the evidence; therefore I think the judge committed reversible error in failing to charge these important issues of the plaintiffs' case in the language of the requests, or at least in substantial detail, each of which was adjusted to the pleadings and the evidence.

It is plain to the writer that the gravity of the errors herein set forth is sufficient to demand a reversal. Particularly is this true when the charge as a whole is read. In reading the whole charge there will be found much repetition of principles favorable to the defendant, and argumentative passages likewise more favorable to it, all of which emphasize the probable harm of the errors herein specifically set out. On the part of the trial court this was no doubt unintentional, but lack of intention could not lessen the harm done. Then, to hold these assignments of error not issuable, particularly in reference to the very apt and pertinent requests to charge, would in effect hold that the refusal of a written request to charge was never error when the principles were generally dealt with only in one or more obscure passages in the whole charge, ofttimes very lengthy. To do so would nullify that great principle announced in *Slade* v. *Paschal,* supra, to wit: "It aids the jury to a correct result, and is one of the most potent means in the hands of the court of having the law applicable to the facts fairly administered." For this reason the writer would like to see retained and encouraged on the part of the bar the law and practice of special, pertinent written requests of the particular principles of law applicable to the issues of fact to be determined by the jury, and as the law now stands, when such are made as in this case, they

should at least in substance be given in some detail. A general reference to the law governing such issues on which requests are made will not suffice.

## ON MOTION FOR REHEARING.

MacIntyre, J. Among the first acts of negligence alleged in the petition were some that related to the piling of the sacks of pecans in too close proximity to the electric lights, and might be classified as those acts of negligence relating to the origin of the fire. A majority of the acts of negligence alleged in the petition related to the origin of the fire.

After stating the contentions of the parties in the language of the pleading the judge charged the jury: "Gentlemen of the jury, the petition and amendments filed by the plaintiffs in this case and the answer and amendments filed thereto by the defendant in this case constitute the sole issues for your determination, for the reason that this is a court of record and all pleadings must be in writing, therefore I refer you to the written pleadings in the case that you have just heard me read, in order that you might familiarize yourselves with them and be in a position to pass intelligently upon the issues formed by these written pleadings." He subsequently defined bailment, and then charged the burden of proof as to diligence: "In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence." He subsequently stated that ordinary care was the proper diligence in such cases, and then defined ordinary care. Subsequently he charged the jury: "You will notice that the plaintiffs in this case charge that the defendant did not exercise ordinary care and diligence, alleging that it was careless in the keeping of this property bailed, in permitting the pecans to be piled in the sacks in close proximity to the incandescent electric lights, and that the heat generated by these globes set on fire the pecans, or occasioned the oil to exude from the pecans, saturate the sacks, and thus become ignited by the heat from the light. If you find in your consideration that ordinary care and diligence required that the defendant not pile these pecans in such close proximity to the electric lights, as contended by the plaintiffs, and if they did so, and *that alleged act* of negligence occasioned the fire, if there was a fire, then, under those conditions, it would be your duty to bring in a verdict for these plaintiffs for whatever amount you find that *this act of negligence* occa-

sioned. It is, of course, contended on the other hand by the defendant in this case that it was guilty of no act of negligence *that occasioned this fire* in question. This, however, makes the issue, *or one of the issues,* for this jury to determine. You will of course refer to the plaintiffs' petition and the defendant's answer to determine what the other issues are, if any, in this case." (Italics ours.) He subsequently defined proximate cause, negligence, and actionable negligence. He subsequently charged: "Gentlemen of the jury, no bailee will be permitted under the laws of Georgia to make a contract whereby it could exempt itself from its own negligence in case of fire. However, the defendant in this case would not be responsible for the loss occasioned by fire in this case under investigation, if it exercised ordinary care and diligence in the preservation of this property, [and the fire was occasioned by other things over which the defendant company could not have exercised control by the exercise of ordinary care and diligence]. The defendant is simply bound in this case to have exercised ordinary care and diligence for the preservation and keeping of the property bailed, and if it did exercise ordinary care and diligence in preserving and keeping safely the property, under its agreement, it would be your duty under those conditions to bring a verdict for this defendant company. If, on the other hand, the defendant company failed to exercise ordinary care and diligence in keeping and preserving this property bailed, and, by reason of such failure to exercise ordinary care and diligence this fire occurred and destroyed these pecans, then, of course, *under those conditions, if those were the conditions* and if you find those to be the conditions, under a preponderance of the evidence, it would be your duty to bring a verdict for these plaintiffs for whatever amount you find *they have suffered by reason of this fire.* These are matters solely within the province of this jury to determine as you alone are empowered by the law to pass upon the facts in this case." (Brackets and italics ours.) He subsequently stated the alternative of the proposition as to the acts of negligence as they related to the origin of the fire in this language: "The defendant contends before this jury that this fire, the *origin of this fire* was unknown to them, that the fire originated through no act of negligence on their part. [If you believe that this fire originated through no act of negligence upon the part of this defendant, Atlantic Company, you

would not be authorized, under those conditions, to bring in a verdict for these plaintiffs, but, on the other hand, it would be your duty to bring in a verdict for this defendant.]" (Brackets and italics ours.) Down to this point the judge had been charging as to the origin of the fire. He subsequently cautioned the jury to consider the charge as a whole; that "In considering the law as given by the court it is well not to pick out any isolated part of the law as given you, but try to recollect the whole charge and see how one part of it is related to another; because it would be impossible for the judge to give you in a paragraph, in a sentence, or a page, all of the law that would relate to and be applicable to a case of this kind." He subsequently charged the jury as follows: "The plaintiffs in this case base their suit upon several alleged acts of negligence, alleged by the plaintiffs against the defendant, Atlantic Company, and its agents, and alleged to have caused the damages sued for; and I charge you that in order for the plaintiffs to prevail it is not necessary that you believe that the defendant, Atlantic Company, and its servants were guilty of all of said several acts of negligence charged; but if the defendant or its servants committed any one of said acts of negligence charged, or two or more of them, without committing all of them, and the one act of negligence, or two or more acts of negligence, which the defendant or its servants did commit, was or were the proximate cause of any of the damage sued for, then the plaintiffs would be entitled to recover the amount of the damages proved to result from that negligence proved, even though you should decide that the defendant and its agents were not guilty of some several acts of negligence charged in the plaintiffs' pleadings, or though you believe that some of the acts of negligence which did exist may not have been the proximate cause of the damage done. If the evidence shows that any of the plaintiffs' pecans, described in their pleadings, *were damaged by fire, or by the vapors and gases resulting from the fire, or by water used in fighting the fire, as claimed by the plaintiffs,* and that such damage was the result of any one or more of the alleged acts of negligence on the part of the defendant, or its agents, as set out in the plaintiffs' pleadings, then you should find for the plaintiffs some amount, even though you believe from the evidence that the damage was not as great as claimed by the plaintiffs. But if you believe that the plaintiffs' pecans were damaged in the man-

ner set out in plaintiffs' pleadings but in an amount less than the amount claimed by the plaintiffs, then you should find for the plaintiffs only such less amount of damages, which you believe the evidence shows to be the damage done by the negligence proved, if any." (Italics ours.) He subsequently charged the jury with reference to the acts of negligence which would have caused damages by water used in fighting the fire and noxious gases and vaporized oil as follows: *"Plaintiffs do not claim in this case that the entire damage* was done by the actual burning of the pecans in question, but claim on the contrary *that by far the greater part of the damage done was the result of water used in fighting the fire and of noxious gases and vaporized oil from the pecans,* resulting from the fact that some of the pecans on storage with the defendant were actually burned, *and thereby said gases and vapors were generated and went into the different rooms and floors of the defendant where nuts were stored, and that said nuts absorbed said gases and vapors, so that the nuts became thereby unfit for human consumption, thereby were greatly lessened in value. I charge you that, if any of the plaintiffs' pecans were so damaged* [italics ours], as thus claimed by the plaintiffs, and that damage was the result of any one or more of the acts of negligence charged by the plaintiffs against the defendant and its servants in plaintiffs' pleadings, then you should find in favor of the plaintiffs the amount of such damage, even though some, or all of plaintiffs' pecans, were not actually consumed by fire at all."

Thus it seems to us that the part of the charge here excepted to and enclosed in brackets, and which was discussed in division 1 of the opinion, was dealing with the acts of negligence as they related to the origin of the fire, and that later in the charge the judge, not in juxtaposition with the excerpt complained of, dealt with the negligence as it related to the noxious gases and vapor oil and made it clear that any one of the acts of negligence entitled the plaintiffs to recover. We do not think that the charge, when taken as a whole, led the jury to understand that the judge eliminated from their consideration all of the acts of negligence claimed by the plaintiffs except those that related to the origin of the fire, or that they so understood it. All the grounds considered, the motion for rehearing is denied.

*Rehearing denied. Broyles, C. J., concurs. Gardner, J., dissents.*