THOMPSON & COMPANY *v.* AMERICAN MORTGAGE COMPANY OF SCOTLAND LIMITED.

1. Where a claim is interposed to property levied upon under a common-law execution, it is, in order to change the onus from the plaintiff in fi. fa. to the claimant, incumbent upon the former to show title in the defendant, or that subsequently to the rendition of the judgment he was in possession of the property.

2. A ground of a motion for a new trial assigning error upon the admission of evidence will not be considered, unless it set forth the evidence objected to in such manner that the question of its admissibility may be decided by this court without reference to the other parts of the record.

Argued May 13, — Decided June 9, 1899.

Levy and claim.   Before Judge Smith.   Pulaski superior court.   August 15, 1898.

*C. C. Kibbee, J. H. Martin* and *A. C. Pate,* for plaintiff in error.

FISH, J.   An execution in favor of the American Mortgage Company of Scotland Limited against J. W. Lancaster, as administrator of Caroline Coley, was levied upon certain lots of land as the property of the defendant in fi. fa.   A. J. Thompson & Co., a firm composed of A. J. Thompson and G. P. Stubbs, interposed a claim, and upon the trial the court directed a verdict finding the property subject.   Claimants made

a motion for a new trial, which being overruled, they excepted. The brief of evidence contained in the record is as follows: "1st. Fi. fa. in favor of the plaintiff against the defendant, issued from Pulaski superior court on Jan. 15th, 1891, on a judgment obtained in Pulaski superior court at November term, 1891, and on Nov. 17th, 1891. Levy of the fi. fa. on the property claimed, on April 28th, 1891, by W. G. Hunt, sheriff, as being 'the property pointed out in said mortgage.' 2d. A certain deed to the property levied upon, made by A. J. Thompson to Caroline Coley, dated November 29th, 1883, and recorded December 19th, 1883. 3d. Deed from Caroline Coley to J. K. O. Sherwood, dated March 26th, 1884, and recorded April 26th, 1884, to the same property. This deed was made to secure a loan of $800.00 from Sherwood to Caroline Coley, and recited that a bond for reconveyance had been given, and which bond was made a part of the deed, and recited that this deed and bond were given under sections 1969, 1970, and 1971 of the code. 4th. Deed from James K. O. Sherwood to 'The American Mortgage Company of Scotland Limited,' to the same property, deed dated March 26th, 1884, and recorded April 26th, 1884. 5th. A certain deed executed in the 'Kingdom of Great Britain, City of Edinburgh, Scotland,' on the 13th of March, 1891, by the American Mortgage Company of Scotland Limited, to J. W. Lancaster, administrator of the estate of Caroline Coley, to the same property, said deed signed The American Mortgage Company Scotland Limited, by J. A. Moncrief, Director (Seal), J. W. Davidson, Director, without seal, and witnessed by Walter Burns, U. S. Consul, under consul's seal, and Hugh C. Peacock, and recorded April 15th, 1891. There was no parol evidence." There was evidently a clerical error in stating the date of the judgment.

1. To have authorized a judgment finding the property subject, the evidence must have shown title in the defendant, or that subsequently to the rendition of the judgment he was in possession of the property. *Knowles* v. *Jourdan*, 61 *Ga.* 300; *Coleman & Burden Co.* v. *Rice*, 105 *Ga.* 163. There was no proof whatever that the defendant was in possession of the lands levied upon, after the date of the judgment. Indeed,

53

the evidence did not disclose that any of the parties to the various deeds put in evidence were ever, at any time, in possession of the premises.    Without possession under them, such deeds were not sufficient to establish a prima facie title in the defendant and change the onus to the claimants.    It is true that the plaintiff conveyed the lands to the defendant subsequently to the rendition of the judgment, for the purpose of having them levied upon and sold as the defendant's property, but it did not appear that the plaintiff had any title to convey.    Thompson conveyed to Mrs. Coley; she to Sherwood, under § 1969 et seq. of the Code of 1882, to secure a debt. Sherwood then conveyed to the plaintiff; and plaintiff, after obtaining judgment against the defendant, conveyed to her for the purpose above stated.    As the evidence failed to show possession in any of them under such deeds, it followed that none of them had a prima facie title, so far as the proof disclosed. No title having been shown in the defendant nor possession in him subsequently to the rendition of the judgment, the property was not subject.

2. Complaint was made in the motion for a new trial, that "the court erred in admitting the deed made by the plaintiff to the defendant and overruling the objections of counsel for the claimant to the introduction of the said deed, on the grounds that it was signed by two parties who purported to be directors, but there was no authority shown for them to make a conveyance for the plaintiff."    Under the previous rulings of this court, no sufficient assignment of error was made in this ground of the motion.    Stovall v. State, 106 Ga. 443; Hicks v. Mather, 107 Ga. 77; Flowers v. Benton, 108 Ga.    It can not be clearly ascertained from the ground of the motion itself what the document objected to was, and other parts of the record will not be examined in order to make intelligible a ground which could not otherwise be understood.

Judgment reversed.    All the Justices concurring.