## THOMPSON *v.* THE STATE.

1. A teacher may be indicted for falsely swearing to a monthly report made by him to a county school commissioner for the purpose of participating in a public-school fund.

2. A ground of a motion for a new trial assigning error upon the admission of evidence will not be considered by the Supreme Court unless the evidence objected to be set forth, either in the motion itself or in an exhibit thereto, in such manner that the question of its admissibility may be decided without reference to other parts of the record.

3. A written instrument set forth according to its tenor in an indictment must be proved as laid, and a material variance will be fatal.

Submitted July 23, — Decided August 11, 1903.

Indictment for false swearing. Before Judge Mitchell. Lowndes superior court. June 26, 1903.

*James M. Johnson* and *S. M. Varnedoe,* for plaintiff in error. *W. E. Thomas, solicitor-general,* contra.

Fish, P. J. A special presentment was preferred against B. W. Thompson for false swearing, charging that, being the teacher of a public school, he, before the county school commissioner, wilfully, knowingly, absolutely, and falsely swore to a monthly report made by him for the purpose of receiving pay thereon from the public-school fund. The presentment was demurred to upon the ground that no offense was charged, for the reason that under the public-

school system a teacher can not obtain money from the school fund except on a final report, sworn to and filed by him. at the expiration of each term of school, and that the report which it was alleged the accused falsely swore to was not a term but a monthly report. The demurrer was overruled, and exceptions pendente lite were filed. There was only one count in the presentment, though the report consisted of three pages, each being sworn to by the accused. A verdict of guilty was found, and the motion of the accused for a new trial being overruled, he excepted to the refusal of a new trial and to the overruling of the demurrer.

1. The overruling of the demurrer was not erroneous. It is true: that under the Political Code, § 1377, teachers in public schools were required to file full and complete reports with the county school commissioner at the expiration of each term of school, and that until such report was prepared, sworn to, and filed by the teacher, it was not lawful for the county school commissioner to audit the account of the teacher for services. But the act of 1898 (Acts 1898, p. 70) provides for the payment of teachers in the public schools monthly, and authorizes the monthly disbursement of the public-school fund by county school commissioners for that purpose. We think it clear, therefore, that a teacher who falsely swears to a monthly report made by him, for the purpose of obtaining pay for his services as such from the public-school fund, may be convicted of false swearing.

2. The only special ground of the motion for a new trial is, that the court erred in admitting in evidence "the original monthly report of the defendant made as a school teacher in the Naylor district and for the month ending February 20, 1903." No report is attached to the motion as an exhibit. This ground does not set forth a sufficient assignment of error, as it is impossible for this court to determine, from the motion itself, whether or not the report was admissible. *Thompson* v. *American Mortgage Co.*, 107 *Ga.* 832; *Freeman* v. *Mencken*, 115 *Ga.* 1017.

3. A copy of the written report to which it is alleged the accused falsely swore is set out in full in the presentment, and in it the name of Lena Ford does not appear. The original report to which it was proved the accused swore, and which was put in evidence by the State, does contain the name of Lena Ford, described as being aged six years. In the original report, sworn to by the accused

and introduced in evidence by the State, the name of Becky Ford, described as being eleven years of age appears; while the copy of the report set forth in the indictment contains the name of Becky E. Ford, described as six years of age. We think there was a fatal variance between the report as set out in the presentment and the one introduced in evidence, and, therefore, that the court erred in not granting a new trial upon the general ground that the verdict was without evidence to support it. The names of pupils set out in the copy of the report in the presentment and the descriptive words following them were descriptive of the report to which it was alleged the accused falsely swore; they went to identify this report, and, in order to prove the case as laid, it was necessary that the proof should correspond with such descriptive matter; and the proof failing, in the respects above indicated, to do so, the variance was fatal.        *Haupt* v. *State*, 108 *Ga.* 53; 1 Barb. Cr. L. (3d ed.) foot page 708; Clark's Cr. Pr. 332.

*Judgment reversed.   All the Justices concur, except Candler, J., dissenting, and Turner, J., not presiding.*

CANDLER, J., dissenting.   The indictment charged the accused with false swearing, in that he made oath to a report to the effect that he had taught certain named children a certain number of days each during a named month.   What purported to be a copy of the report was attached as an exhibit to the indictment.   It consisted of three pages, and a separate oath appeared to have been made to each page.   The false swearing charged against the accused was in regard to the names and number of days they had been taught as appeared on the first two pages of the report. While the third page of the report is attached as an exhibit to the indictment, it was not charged that any portion of that page was false.   The variance between the evidence and the indictment related to the names of children contained on the third page of the report.   The evidence fully substantiated the charges of falseness in the sworn report; and the variance referred to, not being as to a matter about which the indictment charged that the accused swore falsely, I do not think it warrants a ruling that the verdict was without evidence to support it.