DECIDED NOVEMBER 24, 1934.

*Edith Campbell, John I. Kelley,* for plaintiff in error.
*Leon C. Greer, H. C. Holbrook,* contra.

## 23905. FORTUNE v. THE STATE.

MacINTYRE, J. 1. The evidence in this case was in sharp conflict; and the jury, who are the judges of the credibility of the witnesses, having decided in favor of the State, and the trial judge having approved the finding, this court can not say that the judge abused his discretion in overruling the motion for a new trial.

2. The affidavits of the defendant and his counsel, seeking to show diligence, merely state "that neither of them knew of the existence of the evidence set out in the foregoing ground of the amended motion at the time of the trial in said matter, nor could the same have been discovered by the exercise of ordinary diligence." This brings the instant case, relative to the exercise of diligence, squarely within the rule laid down in *Wheeler* v. *Salinger*, 33 *Ga. App.* 300 (9) (125 S. E. 888). See also *Trammell* v. *Shirley*, 38 *Ga. App.* 710 (145 S. E. 486).

3. The part of the affidavits relating to a witness's associates is that "the said G. L. Webb associates with the best people of this community and is of good character, and his evidence is entitled to credit." The affidavits relating to the other witness's associates were in the same form. The affidavits are at least deficient in that they do not name the witness's associates. This feature of the case is controlled by the case of *Ivey* v. *State*, 154 *Ga.* 67 (113 S. E. 175), in which it is said "it [the affidavit] alleges that this witness 'keeps good company,' but fails to name his

associates. It is a matter of importance to the State to have the names of such associates of the witness, in order to ascertain from them whether the newly discovered witness is worthy of credit and belief."

4. The showing for a new trial because of newly discovered evidence being insufficient to require a new trial, the judge, under the showing, was not bound to conclude that the affiants exercised due diligence, or that the supporting witnesses were worthy of credit and belief.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED NOVEMBER 26, 1934.

*Marvin A. Allison, P. & W. J. Cooley,* for plaintiff in error.
*Clifford Pratt, solicitor-general,* contra.