27534. LANEY *v.* BARR *et al.*

DECIDED NOVEMBER 28, 1939.

*J. J. Reese, A. B. Taylor,* for plaintiff.
*Boykin & Boykin,* for defendants.

MacINTYRE, J. 1. An objection was made to certain testimony on the ground that it was "irrelevant and immaterial." No more specific objection was stated at the time the evidence was offered. Such objection is too general. The attention of the court must be called to the specific ground of objection at the time the evidence is offered; and unless this is done no question is raised for decision by this court. *Legg* v. *Legg,* 165 *Ga.* 314 (140 S. E. 868) ; *Whitman* v. *State,* 39 *Ga. App.* 547, 548 (147 S. E. 798) ; *Whitener* v. *State,* 39 *Ga. App.* 676, 677 (148 S. E. 305) ; *Scott* v. *State,* 46 *Ga. App.* 213, 216 (167 S. E. 210) ; *Walker* v. *Laslinger,* 141 *Ga.* 435 (81 S. E. 203).

2. The objection that the following material evidence offered by movant was illegally withheld by the court from the jury is without merit: "W. K. Wilson, on behalf of the plaintiff, or movant, testified: 'He said he couldn't tell about his condition at that time. I asked him and he said he couldn't tell; that it would take thirty to forty minutes. He said it was a bad shock.' Counsel for defendants objected to this evidence as follows: 'We object to what the doctor said, and move to rule that out.'" From this objection, as it appears in the special ground of the motion, we can not say that the evidence is not hearsay and inadmissible. "A ground of a motion for a new trial assigning error upon the admission of evidence will not be considered, unless it sets forth the evidence objected to in such manner that the question of its admissibility may be decided by this court without reference to the other parts of the record." *Thompson & Company* v. *American Mortgage Company,* 107 *Ga.* 832 (2) (33 S. E. 689).

3. In special ground 3, the plaintiff in error asked his own witness the following question: "What was his appearance ever since the accident as you have seen him?" The judge ruled: "The witness not being a physician, I rule that out." The plaintiff con-

146

tended that his appearance since the injury was admissible as he had set out in his petition permanent injuries, and his appearance would certainly show his condition at that time, and it did not take a physician to see changes that had been made in him. Where the answer expected was that his health was bad, the question was too general and did not give sufficient facts upon which to rest or base an opinion by a nonexpert witness as to the health of the plaintiff. *Southern Life Ins. Co.* v. *Wilkinson,* 53 *Ga.* 536; *Herndon* v. *State,* 111 *Ga.* 178, 180 (36 S. E. 634).

4. A ground which does not recite what evidence plaintiff was objecting to is too incomplete to present anything for the consideration of this court. "Contentions" in a ground of a motion for new trial are not "objections" to the evidence. *DeVere* v. *State,* 45 *Ga. App.* 330, 336 (164 S. E. 485).

5. An objection that the following evidence offered by movant was illegally withheld by the court from the jury is not meritorious: Witness McKinley Langley, sworn for plaintiff, was asked: "I want to ask the witness where the wire was with reference to the bale of cotton at the time he saw it, where the wire was with reference to the height from the ground, and as to the bale of cotton, whether it struck near the top or bottom of the bale of cotton. I expect the witness to answer and testify that the wire was just at the lower corner on the right-hand side of this bale of cotton." The court then stated: "That has been gone over repeatedly." We can not tell from this ground whether the court had definitely ruled on the objection or was merely making an observation in which he was endeavoring to impliedly express the wish that counsel would not unnecessarily go over the same ground by repeatedly asking questions which were bringing out no new facts.

6. The following evidence was introduced when plaintiff's counsel asked witness Dr. T. P. Goodwyn: "Why didn't you place it back when he did come to you?" Answer: "It would have necessitated an operation." Objection by defendant: "This happened two years later and we object to it as irrelevant." Movant contends this evidence was illegally withheld from the jury by the court. This ground does not raise any question for decision by this court since it is impossible without searching in the brief of evidence for the context which would render the fragmentary extract from the evidence intelligible to discover whether the evi-

dence repelled was material or not. *Smith* v. *State,* 126 *Ga.* 803 (2) (55 S. E. 1024); *Thompson* v. *State,* 118 *Ga.* 330 (45 S. E. 410).

7. To a certain question asked by the defendant's counsel, plaintiff interposed the following objection: "We object to that if your Honor please." This objection is too general to raise a question to be decided by this court. See the authorities cited in division 1 of this opinion.

8. Special grounds 8, 9, 10 are without merit. The defendant's counsel was laying the foundation for the purpose of impeaching a witness of the plaintiff by calling plaintiff's witness's attention to the time, place, person, and circumstances attending the former statement, and then asking him if he had not, at that time and place, made statements contrary to what he was now swearing. The objection that the statements asked about were made, not in the presence of the plaintiff and therefore not binding on him, was not meritorious.

9. The objection to the judge's charge as contained in ground 11 is the unnecessary repetition of the proposition that the proof must show that defendant was negligent in some one or more of the specific acts of negligence alleged in the petition. "A repetition of a proposition in different instructions may be of such a character as to be in the nature of an argument. However, an instruction is not argumentative merely because it contains unnecessary repetition." Randall on Instructions to Juries, 755, § 420. We do not think the charge was calculated to impress the jury with the thought that the court was against the plaintiff on the question of fact and that the jury might thereby be readily misled to believe that in the opinion of the court they should find against the plaintiff. The natural effect of the whole charge was to leave the minds of the jury to be operated on by the convincing power of the evidence. There is no merit in this ground.

10. The nature and extent of the plaintiff's injury, if any, was one of the material issues in this case. The plaintiff introduced an x-ray which was taken by a doctor two years after the accident. It was shown by the plaintiff's own testimony that he first consulted Dr. Bonner as his personal physician immediately after the injury and received treatment on different occasions; that Dr. Bonner, a short time thereafter, referred the plaintiff to Dr. Will-

iamson, who lived about thirty miles away and who also treated the plaintiff as his personal physician. Neither of these physicians was introduced as a witness nor was their absence accounted for or explained in any way. Under the foregoing and other circumstances connected with the evidence as to the extent and treatment of the injury, the court did not err in charging as follows: "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." Code, § 38-119; *Fountain* v. *Fuller E. Callaway Co.,* 144 *Ga.* 550 (2) (87 S. E. 651); *Cotton States Fertilizer Co.* v. *Childs,* 179 *Ga.* 23, 26 (174 S. E. 708).

11. Grounds 13 and 14 are based on newly discovered evidence. The affidavits of the defendant and his counsel seeking to show diligence do not state the facts upon which they base the statement that they could have discovered the new evidence by the exercise of ordinary diligence. The statement is merely a conclusion and is insufficient. *Fortune* v. *State,* 50 *Ga. App.* 204 (2) (177 S. E. 368); *Heard* v. *Smith,* 183 *Ga.* 725 (189 S. E. 592); *Wheeler* v. *Salinger,* 33 *Ga. App.* 300 (9) (125 S. E. 888). The affidavits in support of the new witnesses do not name their associates. It is a matter of the utmost importance to state the names of such associates in order that it may be ascertained from them whether the newly discovered witnesses are worthy of credit and belief. These affidavits are insufficient. The showing for a new trial because of newly discovered evidence being insufficient to require a new trial, the judge, under the showing, was not bound to conclude that the affiants had exercised due diligence, or that the new witnesses were worthy of credit and belief. *Fortune* v. *State,* supra.

12. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*