33149. HOGG *v.* FIRST NATIONAL BANK OF WEST POINT.

862

DECIDED DECEMBER 5, 1950. ADHERED TO ON REHEARING DECEMBER 19, 1950.

*Duke Davis, Arnold, Gambrell & Arnold,* for plaintiff.
*Lovejoy & Mayer, Morgan S. Canty,* contra.

WORRILL, J. Jarrell Newton Hogg sued First National Bank of West Point for damages, allegedly suffered when he fell to the floor in the bank's office and injured his right arm. To the petition as amended the defendant filed an answer, in which it denied liability and alleged that the plaintiff's injuries resulted from his own negligence. On the trial of the case the jury returned a verdict for the defendant and judgment was entered thereon. The plaintiff made a motion for a new trial on the general grounds, which he amended by the addition of sixteen special grounds. The court overruled the motion and the exception here is to that order.

The plaintiff contends that he entered the offices of the defendant bank as an invited guest or customer for the purpose of negotiating a loan; that the main lobby of the bank had a marble floor, and that a portion was partitioned therefrom by a railing or half-partition about three feet high, in which portion the president of the bank had his office, which had an asphalt tile floor; and that, as he stepped from the main lobby through a gate or door in the said partition and onto the asphalt tile floor, his foot slipped on an excess accumulation of wax, grease, floor oil, or other slippery substance, and he was thrown violently to the floor, sustaining the injuries for which he sued. It is his contention that the defendant or its employees were negligent in permitting this excess of oil, wax, grease, or some other slippery

substance to accumulate on the asphalt tile floor, thus causing a condition that was dangerous and hazardous to persons walking thereon, and that the defendant was further negligent in failing to warn the plaintiff of this dangerous condition. The defendant contends that the plaintiff fell because his shoes were equipped with hard leather heels, which slipped on the asphalt tile floor; that it was not negligent in the maintenance of the floor; and that it merely waxed and cleaned the floor in the customary manner or in the manner generally used on such floors. Such further reference to the facts of the case as may be necessary to a decision will be made in the opinion.

■ Special ground 5 complains of this charge of the court: "Now, gentlemen, if you believe from the evidence that the floor in the bank was waxed and polished and cleaned in the usual and customary manner with materials in general use for that purpose, and that the defendant exercised ordinary care and diligence in keeping the floor in safe condition, you should find for the defendant, even though the plaintiff was injured by falling on said floor." The plaintiff contends that this charge was argumentative, an expression of opinion on the facts, and that in thus picking out particular circumstances and dealing with them separately in such a manner as to belittle the plaintiff's case the court erred.

Special ground 6 complains of the charge, "I charge you further, gentlemen, if you believe from the evidence that the floor was waxed and clean, the fact that the floor was waxed does not of itself constitute evidence of negligence. I further charge you that the mere fact that the plaintiff slipped and fell on the floor does not of itself constitute evidence of negligence." The movant contends that this charge was erroneous in that it was an expression of opinion by the court on the facts; that it withdrew from the jury's consideration the question of whether the defendant's waxing the floor was negligent, when, if such fact were considered with other facts in evidence in the case, the jury would have been authorized to find that waxing the floor was negligent; that the same criticism applies to the statement concerning the plaintiff slipping and falling; that the charge singled out particular facts bearing on the issue, and sought to belittle or destroy their weight and probative value when

considered alone, when such facts, if taken in connection with all of the evidence in the case, would have tended to support the plaintiff's contentions.

The next special ground of the motion contends that the court erred in giving in charge, "In order for the plaintiff in this case to recover for the injury resulting from a fall on the floor, it is necessary for him to prove by a preponderance of the evidence that the bank was negligent in the maintenance of the floor," on the ground that it restricted the allegations of negligence to the bank being negligent in the maintenance of the floor, when the plaintiff had alleged that the defendant was guilty of negligence in other respects and particulars.

Special ground 8 assigns error because the court charged: "Now if you believe, gentlemen, from the evidence at the time the plaintiff slipped and fell that the plaintiff was wearing shoes equipped with hard leather heels, and that the cause of his slipping and falling was due to the hard leather heels on his shoes, and that this was the proximate cause of his slipping and falling, then the plaintiff could not recover and you should render a verdict in favor of the defendant," because it was an expression of opinion on the facts, was an instruction that the wearing of leather heels was negligence per se, when as a matter of fact it was a jury question as to whether or not it could be considered negligence at all, that the charge did not take into consideration the rules of comparative negligence of force in this State and was contra to such rules, and that there was nothing in the pleadings or evidence to justify such charge.

The 9th special ground complains because the court charged, "Now, gentlemen, I charge you that the defendant had a right to wax and clean its floors in the usual manner," because it was an expression of opinion, was an instruction that the usual manner of waxing floors was a proper one when it may have been a negligent manner, and was not the proper standard by which the jury should have measured the defendant's conduct.

Special ground 10 alleges error in the giving of this charge: "Now, gentlemen, I charge you that the defendant had a right to wax and clean its floors in the usual manner. No negligence can be charged to the defendant because of this and the defendant would not be liable simply because the plaintiff happened to

slip on the floor, unless you find by a preponderance of the evidence that the defendant was negligent in allowing an accumulation of wax or other substance to remain upon the floor and which caused the floor to be slippery." The plaintiff contends that this charge was erroneous because it was an expression of opinion, was argumentative, singled out a particular fact bearing upon the issues, and sought to belittle or destroy its weight and probative value when considered alone, when such fact, considered with other evidence in the case, would support the plaintiff's contentions; and that it gave the jury an improper standard by which to measure the defendant's conduct.

The 1st special ground of the motion for new trial sets out in one assignment of error all the paragraphs of the charge quoted above, and assigns error on the collective charges, on the grounds: that "It singles out and deals separately with each of a series of particular facts bearing upon the issues to be tried, in such a way as to either belittle or totally destroy their weight and probative value when each is considered alone, when such facts, if taken in connection with other evidence in the case, would support the plaintiff's case"; that it instructed the jury four separate times that the mere fact that the plaintiff was injured by falling on the floor would not of itself indicate negligence of the defendant; that the court expressed an opinion on the facts of the case; that it was argumentative and gave the jury the impression that the court desired that they render a verdict for the defendant; and that it was particularly harmful in that it was given near the last of the charge and after the court had given a complete charge on the issues of negligence.

We have carefully considered these grounds of the motion for a new trial and find no cause for reversal in them. A careful analysis of these portions of the charge will show that in none of them did the judge express an opinion as to what had been proved or not proved in the case, nor did he intimate to the jury what he thought the verdict should be. The fact that he charged that the mere fact that the defendant waxed its floors could not be considered as evidence of negligence did not have the effect of eliminating from the jury's consideration that fact when considered in connection with the other facts of the case; but merely instructed the jury that, if they found that the de-

fendant was not guilty of negligence in any other particular, they would not be authorized to infer that the defendant was guilty of actionable negligence merely because it had waxed the floor. We think that this was proper.

If, in fact, the plaintiff wore hard leather heels and, if his fall was caused by that fact alone, it is not charging the plaintiff with negligence in so wearing hard leather heels to say that he cannot recover from the defendant if his injuries were caused by wearing hard leather heels. In order for the plaintiff to recover, he had to show that the defendant was guilty of some negligent act, and that such negligent act caused his injuries. If his heels were the sole cause of his injuries, it follows that no act of the defendant, whether negligent or otherwise, caused the plaintiff's injuries. We think that this instruction was proper.

As to the complaint in ground 7 respecting the charge restricting the allegations of negligence, we think it sufficient to say that the court elsewhere charged the jury fully with respect to the plaintiff's contentions, and it is not likely that the jury was misled by this portion of the charge.

For these reasons the trial court did not err in overruling the first seven special grounds of the motion for new trial, as set out above, which grounds were numbered from four to ten inclusive.

■ The 11th ground of the motion for new trial complains of a charge of the court, as follows: "Now, gentlemen, the law of this State does not authorize the judge in any case to express or intimate to the jury what he thinks the verdict should be, if he has any opinion on the subject at all, nor does the law authorize him to tell the jury what the evidence shows. All of these matters are for the determination by the jury without anything being said or done by the judge which would be calculated to warp or bias the minds of the jury one way or the other. The law holds the judge to the responsibility of giving correct instructions to the jury as to the law of the case. If he does not, the law affords a remedy to the parties so that it may be corrected." This charge is claimed to be error on the ground that it suggested to the jury that the jury might consider that less importance could be given to the consideration of the case in the trial court because there was a right of appeal to the ag-

grieved party, and that it "thus tended to lead the jury to believe that they could take less seriously their responsibility because the parties would not be finally bound by the jury's verdict," and that the last sentence dealt with an issue not in the case, whereas the charge should have been limited to the issues in the case.

This ground is without merit. Immediately following this portion of the charge excepted to, the court instructed the jury that the law holds the jury to the responsibility of a conscientious and correct determination of the facts of the case, and this was immediately followed by the charge: "Therefore, gentlemen, I caution you, if during the progress of this case you have heard anything said by the judge, or if you have seen anything done by the judge which would probably create in your mind the impression that the judge has any opinion as to what your verdict should be, don't let that have any effect at all upon your minds, *but you decide the facts of this case as you find them under the rules of law that I have given you in charge applied to the evidence in the case.* Let your verdict be founded upon the truth of the case, so far as the facts are concerned, under the rules of law applied to the evidence in the case." (Italics ours.) And then: "Now, gentlemen, give this case an impartial and conscientious consideration, which I know you will do, with the purpose of determining what the truth of the case is." In view of these subsequent paragraphs of the charge, which followed immediately after the portion objected to in this ground, we think that, if there was any error or misstatement of the law in this regard, it was cured. However, it will be noted that immediately preceding the last sentence of this charge, which is the sentence particularly objected to, the judge said: "The law holds the judge to the responsibility of giving correct instructions to the jury as to the law of the case." And in the last sentence, he said "If *he* does not," etc. We think it quite clear that this last sentence refers to the statement contained in the sentence immediately preceding it, and merely emphasizes to the jury the fact that it is not to be concerned with the law of the case. This case is, in principle, squarely aligned with the ruling in *Brown* v. *City of Atlanta,* 66 *Ga.* 71(3), and is controlled thereby. For these reasons the trial court did not err in overruling this ground of the motion for new trial.

■ Special ground 12 complains of error in the following excerpt from the charge: "The plaintiff was required to exercise ordinary care to prevent injury to himself and, if he did not exercise such ordinary care to prevent injury to himself, and, if he did not exercise such ordinary care for his own safety and was injured because of this the plaintiff could not recover in this suit." It is contended that this was an incorrect charge because it omitted the word "solely" in referring to the plaintiff's negligence, whereas the plaintiff would be entitled to recover if the defendant was negligent as charged, and provided that the plaintiff's negligence, if any, was less than that of the defendant, and that the charge was misleading in that it instructed the jury that the failure of the plaintiff to exercise ordinary care would bar a recovery, whereas under the comparative-negligence rule it would merely reduce the amount of damages.

This charge was not error for any reason assigned. It was virtually in the language of the first sentence of the Code, § 105-603, and as such we cannot say that it stated an erroneous proposition of law.

■ Complaint is made in special ground 13 of a lengthy extract from the charge of the court as being argumentative and as being a virtual expression of opinion by the court as to the facts of the case. The court charged the jury: that there was a duty on the plaintiff to exercise ordinary care for his own safety; that the plaintiff could not recover if his injuries were caused solely by his own negligence or if by the exercise of ordinary care he could have avoided the defendant's negligence, if any; that the plaintiff could not recover if he were guilty of negligence proximately causing his own injuries; that the plaintiff would not be entitled to recover unless the defendant was negligent in some of the particulars set out in the petition, but even if the defendant was so negligent, the plaintiff could not recover if by the exercise of ordinary care he could have avoided the consequences of such negligence; that, if the plaintiff did not exercise ordinary care to prevent injury to himself, he could not recover; that, if the plaintiff knew of or by ordinary care could have discovered the defendant's negligence, and by the exercise of such ordinary care could have avoided the defendant's negligence, the plaintiff could not recover; that the plaintiff was not

entitled to recover unless the defendant was guilty of negligence in one of the ways charged in the petition; that, if both the plaintiff and the defendant were negligent, the plaintiff could not recover if his negligence was equal to or greater than that of the defendant, and it is only when the negligence of the defendant exceeds that of the plaintiff that he can recover; and that, if you find the defendant was negligent in some way charged and the plaintiff was also negligent, the jury would find for the plaintiff only if the defendant's negligence exceeded that of the plaintiff, and if both were equal or the plaintiff's negligence was greater, the jury would find for the defendant; that, if you find the defendant negligent and the plaintiff negligent, but in a lesser degree, the verdict for the plaintiff would be reduced in proportion to the plaintiff's fault; that, if the plaintiff was entitled to recover, but he was negligent, the jury were required to reduce any recovery in proportion to the plaintiff's fault; that, if both the defendant and the plaintiff were negligent, the jury should weigh the negligence of the parties, and if the plaintiff could, by the exercise of ordinary care, have avoided the consequences to himself of the defendant's negligence, the jury must find for the defendant; and that, if the negligence of the defendant was greater than that of the plaintiff, they must reduce the plaintiff's recovery in proportion to the negligence attributable to him; and that if the jury found the defendant not liable, they would go no further, and find a verdict for the defendant. These enumerated portions of the charge follow one after the other and cover a little over two pages of the record. Immediately following these instructions, is the charge on damages, and a charge substantially in the language of the Code, § 105-401. These latter portions of the charge are not excepted to in this ground, but following that is a brief statement of a contention of the defendant to the effect that the plaintiff was not in the exercise of ordinary care and was injured by his own negligence, and this is followed by the charge excepted to in ground 4 of the motion and dealt with in the first division of this opinion, and this latter is a part of the charge here complained of.

The plaintiff does not contend that these excerpts from the charge stated incorrect propositions of law, but simply contends

that by the repetitious manner in which the judge stated the propositions the charge became argumentative and thus amounted to an expression of opinion. An instruction is not argumentative merely because it is repetitious. *Laney* v. *Barr*, 61 *Ga. App.* 145, 147 (9) (6 S. E. 2d, 99). We do not think that the charge here was calculated to impress the jury with the idea that the court was against the plaintiff or desired that they return a verdict for the defendant. This is particularly so where the court also charged the jury specifically that they were not to take any statement, expression, or act of the judge as an expression of opinion on the facts. Under these circumstances, the charge here complained of was not reversible error.

■ Complaint is made in special ground 14 as to the refusal of the court to permit the plaintiff to read into the evidence the deposition of the witness Clarence Huguley, and as to thereafter requiring the plaintiff to lay the ground of entrapment before permitting him to cross-examine the same witness when he was on the stand before the jury, having been called by the plaintiff as an agent or employee of the defendant. This ground of the motion sets out pertinent parts of the deposition, which it is claimed would have given the jury additional evidence of the defendant's negligence, and which were withheld from the jury when the court refused to permit the plaintiff to read the deposition in its entirety; and it is claimed that the exclusion of this evidence was harmful to the plaintiff.

It appears that the plaintiff had taken the deposition of the witness Huguley, who was the defendant's janitor, a day or so prior to the day of the trial. On the day of the trial Huguley was in the witness room in the courthouse. When the plaintiff sought to read the deposition to the jury, the defendant objected to this and the court ruled that, if the plaintiff desired the testimony of Huguley, he would have to examine him in person. The plaintiff then put Huguley upon the stand and sought to cross-examine him. Upon objection by the defendant to the plaintiff's cross-examining the witness, the court required the plaintiff, before cross-examining him, to show that the plaintiff had been entrapped by the witness. The plaintiff made this showing by reading certain portions of the deposition previously excluded, and the court permitted the cross-examination to proceed. These rulings are assigned as error.

While it is conceded that, under the rule as laid down in *Western & Atlantic R. Co.* v. *Bussey*, 95 *Ga.* 584 (1) (23 S. E. 207), and *Seaboard Air-Line Ry.* v. *Hunt*, 10 *Ga. App.* 273 (4) (73 S. E. 588), the plaintiff had the right to use either the deposition or the witness for the purpose of making out his case, in view of the subsequent developments on the trial of the case it does not appear that the plaintiff was harmed by the exclusion of the deposition in the original instance. When the plaintiff sought to cross-examine the witness in person and the court refused this right until he had laid the ground of entrapment, the plaintiff read to the witness portions of the deposition and questioned the witness as to whether he had made the statements recorded therein. Nothing appears from the record to indicate that the plaintiff would have been prevented from reading the entire deposition and from cross-examining the witness concerning every statement reported therein, had the plaintiff so desired. That the plaintiff read no more than portions of the deposition, must be taken as an indication that he considered the other portions omitted as immaterial or of no value. Those portions were first admitted merely for impeachment purposes. However, the court later ruled and instructed the jury that they might consider the deposition for all purposes, which was tantamount to a virtual admission of the entire deposition or at least those portions read. Under these facts, the court did not err in overruling this ground, since the plaintiff failed to show how or wherein he was harmed by the exclusion of the deposition in the original instance.

As for the refusal of the court to permit the plaintiff to cross-examine the witness, it is likewise not shown how this ruling was ultimately harmful to the plaintiff, since he finally was allowed to cross-examine the witness anyway. The plaintiff claimed the right of cross-examination under the theory that the witness was an agent of the adverse party, and under the rule as set forth in the Code (Ann. Supp.), § 38-1801. It would seem to make little difference, if he actually did cross-examine the witness, whether he was permitted to do so because the witness was an agent of the adverse party or whether he did so because the witness had entrapped him. A cross-examination is a cross-examination, and under which of these rules the plain-

tiff was permitted to exercise the right of cross-examination would seem to make little difference, if any.

■ Ground 15 complains that the court erred in allowing a witness, Willis Johnson, to testify as to certain people coming into the bank the same morning on which the plaintiff fell, and walking over the same portion of the floor on which he fell, it being contended that the testimony dealt with other transactions and was immaterial, irrelevant, and prejudicial to the issue here, the condition of the floor changing constantly.

Special ground 16 complains that the court erred in allowing the same witness to testify that nothing had been done to the floor after the plaintiff fell, and that so far as the witness knew nobody had ever fallen in the office of the witness, the same objection being urged to this as to ground 15.

In special ground 17 the same question is raised as in grounds 15 and 16, and grounds 18 and 19 present the same questions, the only difference in these latter grounds and the first being that they concern different witnesses. Accordingly, all of these grounds, 15 through 19, may be treated together. While it can not be said that others who entered the bank followed precisely the same path as did the plaintiff, it is inferable from the evidence that they traversed the same waxed floor and on the same day as the injury. From this testimony it is also clear that the condition of the floor was the same as it was when the plaintiff fell. The trial judge is allowed much discretion in admitting evidence, and it can not be said that the testimony here complained of was clearly immaterial and irrelevant, as contended by the plaintiff. Under the ruling in *City of Brunswick* v. *Glogauer*, 158 *Ga.* 792 (5), 816 (124 S. E. 787), the evidence was properly admitted. For this reason the trial court did not err in overruling grounds 15 through 19 of the amended motion for new trial.

■ The evidence authorized the verdict, and no error of law appearing, the trial court did not err in overruling the motion for new trial on the general grounds.

*Judgment affirmed. Sutton, C.J., concurs and Felton, J., concurs in the judgment.*

After the grant of a motion for rehearing, one judge dissenting from the original judgment, the case was considered by the

whole court as provided by the act approved March 8, 1945, Ga. L. 1945, p. 232.

*Judgment adhered to on rehearing. Sutton, C.J., MacIntyre, P.J., Gardner and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I am of the opinion that ground 14 of the amended motion for new trial is meritorious, and that the court erred in denying the plaintiff the right to read in evidence to the jury the depositions of the defendant's janitor, Clarence Huguley, even though he was present in court. Without extensive quotation from the opinion, the burden of the court's ruling in *Western & Atlantic R. Co. v. Bussey*, 95 *Ga.* 584, is to the effect that the court must have a stronger reason for excluding the reading of depositions than the mere presence of the witnesses in court. The opinion speaks for itself and reference thereto seems sufficient. If the reading of the deposition had been allowed, the plaintiff would have had the positive benefit of testimony therein, if the jury accepted it, even had the witness refuted it on the stand, whereas, since the depositions were excluded, the testimony in the depositions could be used only for impeachment purposes, resulting in no affirmative benefit to the plaintiff.

I also think that ground 16 of the amended motion is meritorious. A witness for the defendant was permitted to testify that nothing was done to the floor after the plaintiff fell thereon. It is too well settled to require citation that, if something had been done to the office after the fall to make it safer, such fact would not be admissible in the plaintiff's behalf. The same reasoning applies to the converse of the proposition. Further argument seems superfluous. And the testimony of the same witness that nobody had ever fallen in the office was obviously inadmissible.